DEBORAH P. GRAY, and others, appellants from decree of judge of probate, *vs.* MARY BELL GARDNER, appellee.

Penobscot. Opinion June 27, 1888.

*Probate. Appeal. Adoption. R. S., c. 67.*

A person, without issue, having adopted a child under the provisions of R. S., c. 67, died within twenty days after the decree of adoption had been made in the probate court. The next of kin, being the mother, brothers and sisters, duly entered an appeal from the decree of adoption. *Held,* that the appellants had no right of appeal, as heirs; for as such they had no vested rights in the estate of their ancestor while living, which she might not deprive them of at her will, either by the legal adoption of an heir, or by any of the various methods known to the law.

They could not appeal after her death; for if deprived of their inheritance, it is by an act of the ancestor, competent for her to perform, and they must abide by it.

Nor could they appeal as representatives of their ancestor. As heirs they are acting, and must act, if at all, for themselves, and for their own interests. As administrators, they would be equally powerless, for the adoption is the result of a completed act of the intestate.

This was a suit arising out of the settlement of the estate of

Augusta P. Norton, deceased, intestate, involving the question of inheritance. The appellants, are the natural or blood heirs of the deceased, her mother, brothers, and sisters, she having died without issue. The appellee is a young child, less than five years old, who is claimed to be heir of the deceased by adoption, she having no claim by kinship.

The question presented for decision, was whether or not the appellee became by adoption the legal inheritor of the estate of the deceased, which in turn depended upon the validity of the adoption.

The case came up from the probate court by appeal and arose as follows:

At the July term of the probate court in 1887, for Penobscot county, Augusta V. Norton, a widow and without issue, applied for leave to adopt the appellee. No notice of the petition was given, and the case was continued to the next term, holden August 31, when the petition was granted. The child had a father living, also, a guardian appointed by the probate court in Barnstable county, Mass., where she was born. This guardian consented to the adoption, and without this, no other notice or consent was given. On the 8th day of September, following the adoption, Mrs. Norton died, and, within the time allowed by law, the appellants filed their appeal from the decree of adoption.

The appellants relied mainly on the two following grounds of appeal:

1. That the judge of said probate court had no authority under the law to make said decree, for the reason that said child was under fourteen years of age, and there was no consent of its living parent to such adoption, neither was there any consent given by any legal guardian of said child having jurisdiction in this state, neither was there any consent by any next of kin in this state, nor by any person appointed by the judge of probate to act in the proceedings as the next friend of said child.

2. That Thacher T. Hallett, who represents himself as being the guardian of said child and gave his consent to the adoption of the same, as appears by said petition, was not the legal guardian of said child in this state, and had no authority to act for said

child in said court, or in any matters pending in this state touching said child.

The appellee, by her guardian, *ad litem*, moved to dismiss the appeal for the following reasons :

1. Said appellants do not show, by their reasons of appeal and preamble thereto, that on the last Tuesday of August, 1887, they had any such interest in the subject matter of said original petition of said Augusta V. Norton and the decree of the said probate court thereon, nor that they have since acquired any such interest in the same, as entitled them to make or now maintain said appeal.

2. That said Augusta V. Norton, in person presented said petition to the judge of probate, and then and there, clearly and definitely stated to the judge thereof, that her object and desire in asking for such adoption, among other things, was to make said minor her legal heir, never having had any children herself.

3. That said Augusta V. Norton, in all she did in the premises, was not ignorant of all and singular the legal effect of her acts and of said decree.

At the trial, in this court upon the appeal, the presiding justice was of the opinion that the reasons for appeal do not show any right of appeal, and are insufficient in law ; he therefore sustained the motion to dismiss the appeal; but refused to affirm the decree below, and the appellant excepted.

The appellee also excepted to the ruling refusing to affirm the decree below.

*A. W. Paine*, for appellants.

The decree of adoption was illegal for want of notice to the father, and consent on the part of the child by guardian or *prochein ami*.

The decree of adoption was vacated by this appeal, and can not have effect until affirmed. There can be no affirmation because the adopted mother is dead.

*Sewall* v. *Roberts*, 115 Mass. 262, 275; *Edds and wife*, appellants, 137 Id. 346 ; *Humphrey and wife*, appellants, Id. 84 ; *Woodworth* v. *Spring*, 4 Allen, 321, 324, and cases cited. *Tarbox* v. *Fisher*, 50 Maine, 236 ; *Paine* v. *Cowdin*, 17 Pick. 142; *Adams* v. *Adams*,

10 Met. 170; *Gilman* v. *Gilman*, 53 Maine, 184, 186; *Boynton* v. *Dyer*, 18 Pick. 1; *Arnold* v. *Sabin*, 4 Cush. 46.

Appellants are interested persons, and have the right of appeal. An heir apparent or presumptive is such a person as is legally aggrieved within the meaning of the statute. *Lunt* v. *Aubens*, 39 Maine, 392, 395; *Deering* v. *Adams*, 34 Maine, 41; *Paine* v. *Goodwin*, 56 Id. 411; *Veazie Bank* v. *Young*, 53 Id. 555, 560; *Boynton* v. *Dyer*, 18 Pick. 1; *Farrar* v. *Parker*, 3 Allen, 556; *Smith* v. *Bradstreet*, 16 Pick. 264; *Smith* v. *Sherman*, 4 Cush. 408, 409; *Curtis* v. *Bailey*, 1 Pick. 198; *Lewis* v. *Bolitho*, 6 Gray, 137; *Bancroft* v. *Andrews*, 6 Cush. 493; *Lawless* v. *Reagan*, 128 Mass. 592.

Cases co-extensive with danger of being injured by the decree. *Wiggin* v. *Swett*, 6 Met. 194, 197; *Bryant* v. *Allen*, 6 N. H. 116; *Mather* v. *Bennett*, 21 N. H. 188; *Pierce* v. *Gould*, 143 Mass. 234, and cases cited; *Lee*, appellant, 18 Pick. 285; *Smith* v. *Haynes*, 111 Mass. 346; *Saunders* v. *Dennison*, 20 Conn. 526.

*Lewis Barker, T. W. Vose, and L. A. Barker*, for appellee.

The minor was under fourteen years of age; one parent dead, the other had abandoned it. R. S., c. 67, § 33. "If there are no such parents, or if the parents have abandoned the child and ceased to provide for its support, consent may be given by the legal guardian." If there was need of a guardian *ad litem* to validate the adoption, it was only an irregularity, which a stranger cannot avoid to the injury of the child. *Sewall* v. *Roberts*, 115 Mass. 262, 275.

DANFORTH, J. In July 1887, Augusta V. Norton petitioned the probate court for leave to adopt a child under the provisions of the R. S., c. 67. The prayer of her petition was granted and a decree to that effect entered of record on the last Tuesday of August of the same year. The petitioner died on the subsequent 8th day of September and on the next day, the parties now before the court, representing themselves as the mother, brothers and sisters of the deceased petitioner, entered an appeal with their reasons therefor. At the hearing at *nisi prius* the presiding justice dismissed the appeal on the ground, "that the reasons for

appeal do not show any right of appeal and are insufficient in law." To this ruling exceptions were allowed. This presents the simple question whether, in a case like this the heirs of the petitioner, presumptive or actual, have a right of appeal.

The statute provides that "any petitioner, or any such child, by his next friend, may appeal from such decree, to the supreme court of probate   *   *   as in other cases." R. S., c. 67, § 36. Here is a precise designation of the parties allowed the right of appeal. Neither of these parties saw fit to appeal at the time the decree was passed. At that time, the petitioner living, it is clear the heirs presumptive had no right of appeal. They were not the petitioners nor could they in any legal sense be the representatives of the petitioner. The adoption of the child would impose no duties or obligations upon them. Nor had they any vested rights as heirs which the adoption would interfere with, nothing in this respect, the prospect of which, it was not entirely competent for the petitioner to deprive them, either by the adoption of an heir or in the various other methods known to the law. Nor are their rights increased by her death. If they are deprived of their inheritance, it is by an act of the ancestor legal and competent for her to perform, and by which they must abide.

It is equally clear that they cannot appeal as representatives of the petitioner. Not as heirs, for as such they are acting and must act if at all, in their own behalf and for their own interests. Not as administrators, if such they were, for the decree is the result of a completed act of the intestate.

The exceptions of the appellee are not urged. They must also be overruled. The appeal being dismissed as a nullity, the court has no jurisdiction of the case and can neither affirm or reverse the decree of the court below.

*Both exceptions overruled.*
*Appeal dismissed.*

PETERS, C. J., LIBBEY, EMERY, FOSTER and HASKELL, JJ., concurred.