JESSIE F. CUMMINGS, APPLT.

FROM

DECREE   OF JUDGE OF PROBATE.

Cumberland.    Opinion March 8, 1927.

*A party is aggrieved by and has the right to appeal from a probate decree that operates on his property, or bears upon his interest directly.*

*A decree of adoption which divests a mother of all legal rights in respect to her minor child bears directly upon the mother's interest.   By such decree she is aggrieved and from it has the right of appeal.*

*R. S. Chap. 67, Sec. 31 providing for appeals by persons aggrieved is not in any part repealed or superseded by the statute providing for adoption of children, R. S. Chap. 72, Sec. 39.*

*The latter statute though a subsequent enactment does not supersede or limit the former, but rather supplements and extends it.*

On exceptions.   A petition by Nellie F. Cummings for the adoption of Evelena F. Cummings, child of Jessie F. Cummings and Ralph G. Cummings.   Written consent was given by the father who had the custody of the child under a decree of the Probate Court.   The required notice was given to the mother who appeared and contested the petition.   A hearing was had and the Judge of the Probate Court found "that the mother is unfit to have the custody of said child," and from the decree an appeal was taken by the mother, Jessie F. Cummings.   A hearing was had in the Supreme Court of Probate on the appeal and the presiding justice dismissed the appeal and appellant excepted.   Exceptions sustained.

The case fully appears in the opinion.

*Harry B. Ross and F. J. Laughlin,* for appellant.

*Edmund P. Mahoney,* for appellee.

SITTING:   PHILBROOK, DUNN, DEASY, STURGIS, BARNES, BASSETT, PATTANGALL, JJ.

DEASY, J.   Jessie F. Cummings the appellant is the divorced wife of Ralph G. Cummings and the mother of Evelina F. Cummings, a minor child.   Nellie F. Cummings, Evelina's grandmother, petitioned under the Statute (R. S. Ch. 72, Sec. 35 as amended) for leave to adopt the child.   The father consented in writing.   The child's mother (the appellant) was given legal notice.   (R. S. Chap. 72, Sec. 36).   The Probate Court, finding "that the mother is unfit to have the custody of said child" granted the petition for adoption.

The question before this Court is whether the mother has a legal right to appeal from the decree.   Upon this issue the single justice hearing the case decided against her, dismissing the appeal.   Thereupon she brings the case forward on exceptions.

Revised Statutes Chap. 67, Sec. 31 provides that "any person aggrieved by any order, sentence, decree or denial of such (probate) judges—may appeal therefrom to the Supreme Court."  Is the child's mother "aggrieved?"   The point has not been settled.   *Moore vs. Phillips*, 94 Me., 422, cited by the appellee is not decisive.   There the mother lost her right of appeal through failure to give bond.

The law does not base the right of appeal upon sentimental grounds. Aggrieved does not mean grief stricken.   A fortiori it does not mean merely dissatisfied.

In legal acceptance a party is aggrieved by a probate decree that operates on his property or "bears upon his interest directly."   *Deering* vs. *Adams* 34 Me., 41;   *Lunt* vs. *Aubens* 39 Me., 392.

The decree in the present case does not operate upon property of the appellant.   But there are interests, tangible, valuable, enforceable interests—which are not property.

(1)   Because the decree bears directly upon her interest the statute makes the mother a necessary party in the Probate Court proceeding.   If she does not consent to the adoption, notice must be given to her.   R. S. Chap. 72, Sec. 36.

(2)   The mother is one of the child's heirs presumptive.   By depriving her of this status a decree of adoption bears upon her interest though it does not operate upon her property.

(3)   The Probate Decree finds and declares that the appellant "is unfit to have the custody of said child."   If this is an erroneous finding the mother has a direct interest in having it corrected.

(4)   The mother has (jointly with the father) the right to the child's care and custody.   R. S. Chap. 64, Sec. 44.

This is a right enforceable against all the world, except the father. The decree of adoption absolutely takes away from her this legal right.

By the decree the mother is "divested of all legal rights in respect to such child and he is freed from all legal obligations of obedience and maintenance in respect to (her)." R. S. Chap. 72, Sec. 38. Such a decree bears directly upon the mother's interest.

But assuming that the mother is aggrieved by the decree the appellee still denies her right of appeal. It is argued that R. S. Chap. 67, Sec. 31 giving "any person aggrieved" an appeal from a probate decree, is so far as relates to decrees of adoption, repealed or, at all events, superseded by the later statute specifically authorizing appeals from such decrees.

The earlier general statute, (omitting irrelevant words) is as follows: "Any person aggrieved by any decree of such (probate) judge may appeal therefrom to the Supreme Court" R. S. Chap. 67, Sec. 31.

The later specific act reads thus: "Any petitioner, or any such child by his next friend, may appeal from such decree to the supreme court of probate, in the same manner and with the same effect, as in other cases, but no bond to prosecute his appeal shall be required of such child or next friend, nor costs be awarded against either." R. S., Chap. 72, Sec. 39.

It is argued that this act impliedly repeals or supersedes the general statute.

This would be true if the later act were repugnant to the former; (*U. S.* vs. *Tynen*, 11 Wall, 92), if it were "absolutely conflicting"; (*Collins* vs. *Chase*, 71 Me., 436) or were "so clearly repugnant and inconsistent that they cannot stand together"; (*Newport* vs. *R. R. Co.* 123 Me. 387,) or if it clearly appear that a repeal or substitution is intended. 25 R. C. L. 917.

But "a critical comparison of these two statutes under consideration dissipates any apparent repugnancy." *Eden* vs. *Southwest Harbor*, 108 Maine, 494.

It is apparent that the later statute is not designed as a substitute for the former, nor to limit it, but rather is intended to supplement and extend it.

Under the former statute the child being aggrieved may appeal

upon giving bond.   The later statute relieves the child or next friend from the bond requirement.

The petitioner is not as such, aggrieved by a refusal to grant the petition.   Such a decree or denial does not operate upon his property not affect his legal rights.   But the later statute gives the petitioner, merely as such, the right of appeal.

The theory of the appellee is that the Legislature intended to take away the right of appeal from persons aggrieved and grant such right to persons not aggrieved.

To ascribe such an intent to any legislature is, to say the least, uncomplimentary.

For its genesis, Chap. 67, Sec. 31 (giving appeal to all persons aggrieved) harks back to the statute of 1821.   The first act authorizing adoption of children was passed many years later.   The appellee stresses this circumstance urging that "the words of a statute must be taken in the sense in which they were understood at the time when the statute was enacted."   This rule is supported by authority.   It has its place.   It is useful and may be decisive in construing ambiguous statutes.

But the present case is governed by a larger principle well stated by R. C. L. thus:   "Statutes framed in general terms apply to new cases that arise and to new subjects that are created, from time to time, and which come within their general scope and policy.   It is a rule of statutory construction that legislative enactments in general and comprehensive terms, prospective in operation, apply alike to all persons, subjects and business within their general purview and scope coming into existence subsequent to their passage."   25 R. C. L., 778. and cases cited.

This principle applies clearly to the general and comprehensive language:   "Any person aggrieved by any (probate) decree may appeal" &c.

Certain language used in *Gray* vs. *Gardner*, 81 Me. 558 is relied upon as supporting the position of the appellee.   The language is the merest dictum.

Upon principles which we regard as well settled and decisive we hold that any person aggrieved by a probate decree may still appeal, and that by a decree severing every tie between her minor child and herself a mother may justly claim to be "aggrieved."

*Exceptions sustained.*