■ ANTHONY SICLARI, Respondent, v. ANNE V. SICLARI, Appellant.— In an action for divorce, in which a decree of divorce had been entered in favor of plaintiff husband, the defendant former wife appeals from an order of the Supreme Court, Kings County, entered December 7, 1965 after a hearing upon the oral decision of a Special Referee to hear and determine, which in certain respects granted plaintiff's motion and modified his visitation rights with respect to the infant son of the parties, as theretofore fixed by the provisions of said decree of divorce. Order reversed, without costs; and plaintiff's motion remitted to the Special Term for further proceedings not inconsistent with the memorandum herein. The stipulation and order under which the Special Referee heard and determined this application had submitted to the Referee the sole question whether the existing visitation privileges of the plaintiff father should be modified so as to permit him to have custody of the child during a two-week Summer vacation period. The Referee exceeded his jurisdiction in changing the father's visitation rights in regard to week ends. We are also of the opinion that the court should consider utilizing the service of some appropriate person such as a family counsellor whose report might lead to the introduction of common-law evidence and appropriate questions by the court — in the event the parties refuse to stipulate that such report be considered as one of the bases for decision (see *Kesseler* v. *Kesseler*, 10 N Y 2d 445, 452; *Matter of Johnson* v. *Johnson*, 21 A D 2d 256). This procedure seems required by the patent disadvantages of attempting to determine from the simple testimonial record before the Referee why the infant ran away from his father two weeks before the hearing took place and what benefits and disadvantages would probably accrue to the infant from the prolonged Summer visit with his father. Beldock, P. J., Christ, Hill, Rabin and Benjamin, JJ., concur.

■ HENRY SCHOUR et al., Respondents, v. INCORPORATED VILLAGE OF LYNBROOK, Appellant.— In an action to declare void and unconstitutional the zoning ordinance enacted by the defendant Incorporated Village of Lynbrook on February 18, 1952, insofar as it affects certain real property owned by plaintiffs and situate in the village, and for other relief, defendant appeals from a judgment of the Supreme Court, Nassau County, entered August 27, 1965 after a nonjury trial, in plaintiffs' favor. Judgment affirmed, without costs. In our opinion, on the record presented, the determination of the Special Term that the ordinance as amended restricted plaintiffs' property to a use for which it is not reasonably adapted is supported by substantial evidence (cf. *Vernon Park Realty* v. *City of Mount Vernon*, 307 N. Y. 493; *Mardine Realty Co.* v. *Village of Dobbs Ferry*, 1 A D 2d 789, affd. 1 N Y 2d 902). Beldock, P. J., Ughetta, Brennan, Hopkins and Benjamin, JJ., concur.