THEODORE DANIELSON *v.* HELEN DANIELSON

HOUSE, C. J., LOISELLE, BOGDANSKI, LONGO and SPEZIALE, Js.

Argued January 10—decision released March 14, 1978

*Arthur R. Riccio, Jr.,* with whom, on the brief, was *John J. Resnik,* for the appellant (defendant).

*Howard A. Jacobs,* for the appellee (plaintiff).

BOGDANSKI, J.  This is an appeal by the defendant, Helen Danielson, from a judgment dissolving the marriage of the parties, awarding custody of the minor children to the plaintiff, and assigning the defendant's interest in certain real property to the plaintiff.  The court awarded the defendant mother the right of reasonable visitation to her minor children but denied her alimony.

The record reveals the following facts:  The parties intermarried on December 26, 1964, at New Haven.  Two minor children were born of the marriage, Julie Danielson, born May 13, 1968, and Karen Danielson, born February 19, 1973.  When the parties first married, they lived in Texas and in 1970 moved to Killingworth, Connecticut.  For a period of about three years the marriage was quite rocky, and a separation agreement was contemplated, but the parties managed to stay together.  On July 18, 1975, the plaintiff helped the defendant wife and the two children move to California where they remained to live while the plaintiff returned to Killingworth.  The defendant wife is employed in San Diego, California, at a gross salary of $100 per week.  The plaintiff husband lives in Connecticut

and has a gross salary of about $950 per week. Because the plaintiff is an airline pilot, he travels free. On May 10, 1976, the plaintiff brought this action for a dissolution of the marriage. The defendant filed her answer and cross complaint. The trial court awarded custody of the children to the plaintiff father and granted the defendant the right of visitation. The court also decreed a dissolution of the marriage of thirteen years.

The defendant first claims that the court did not have jurisdiction over the custody of the children. Jurisdiction to award custody is acquired by virtue of the original action for dissolution and is incidental to it. *Dunham* v. *Dunham,* 97 Conn. 440, 444, 117 A. 504. The defendant filed an answer to the plaintiff's complaint and a cross complaint seeking the dissolution of the marriage, alimony, and custody and support of the minor children. She appeared in the action both in person and by counsel. The defendant by her actions thus placed the entire marital status of the parties, including the custody of the children, before the court. *Scott* v. *Furrow,* 141 Conn. 113, 118, 104 A.2d 224; *Krasnow* v. *Krasnow,* 140 Conn. 254, 258–59, 99 A.2d 104.

The only other issue which we find necessary to address on this appeal is whether the court, by denying the defendant's claims for alimony, effectively denied her visitation rights. The defendant contends that the visitation rights granted her are more illusory than real because it is impossible for her to exercise those visitation rights in view of the fact that her net income is less than $100 per week and the fact that she lives across the continent from the children.

"Visitation rights are not wholly unrelated to the welfare of the children of divorced parents. Minor children are entitled to the love and companionship of both parents. For the good of the child, unless a parent is completely unfit, a decree should allow a parent deprived of custody to visit or communicate with the children." *Raymond* v. *Raymond,* 165 Conn. 735, 741, 345 A.2d 48. If circumstances place a financial burden on the parent in relation to visitation, the court may consider a modification of the financial arrangement if in the best interests of the children. Where visitation rights are affected, a court has the power and duty to safeguard those rights. Ibid.

There was no finding by the court that the defendant mother was an unfit parent. There was no claim made nor any finding by the court that the defendant mother was chargeable with neglect in raising the children during the time of the marriage. Indeed, as recently as July, 1975, the plaintiff helped the defendant and the two children move to California to live while he returned to Connecticut. Moreover, in his response to divorce proceedings initiated by the defendant in California subsequent to the move, the plaintiff requested that custody of the children be granted to the mother.

On the basis of the record before us, consideration should have been given to the interests of the minor children in the companionship and love of the mother and to the natural right of the mother to visit with the children, and provisions should have been made for either sufficient alimony or travel arrangements so as to make her visitation right a reality. "For the good of the child, unless a parent is completely unfit, a decree should allow a parent

deprived of custody to visit or communicate with the children." *Raymond* v. *Raymond,* supra, 741. In view of the apparent financial burden on the parent in relation to visitation, a further hearing is required limited to a consideration of a modification of the financial arrangement as is found to be in the best interests of the children.

There is error in part, the judgment is set aside and the case is remanded for further proceedings in accordance with this opinion.

In this opinion LOISELLE, LONGO and SPEZIALE, Js., concurred.

HOUSE, C. J. (dissenting). I do not agree with the majority opinion in its conclusion that there was error in the judgment because the trial court did not give consideration to the interests of the minor children in the companionship and love of the defendant mother and to her natural right to visit with them and that "provisions should have been made for either sufficient alimony or travel arrangements so as to make her visitation right a reality." The finding of the court indicates clearly that it fully and properly considered the best interests of the two children in awarding custody to the plaintiff and that, as suggested in *Raymond* v. *Raymond,* 165 Conn. 735, 741, 345 A.2d 48, it fully recognized the qualified right of the defendant to visit and communicate with the children and expressly provided for it in the judgment by granting custody to the plaintiff "with the right of the defendant to reasonable visitation."

I fully agree that financial considerations and contributions may properly be considered in work-

ing out the details of the exercise of visitation rights as do a myriad of other considerations such as travel and housing arrangements, vacation and school schedules, adequate supervision of the children and the place, length and frequency of the visits. All of these are details involved in the exercise of any visitation rights. If necessary, the court may properly specify in its decree any or all of the precise details involved. In the majority of cases, however, no such specificity is necessary or desirable and it is left to the parties to work out what visitation is "reasonable." That was the course followed by the court in this case and I find no error in it.

We cannot ignore an added complication in this case. The judgment was entered December 6, 1976. The plaintiff lives and works in Connecticut and one of the children, Julie, was living with him when the present action was started and has continued to do so since the decree awarding custody of both children to him. On the other hand, after the complaint in the present case was issued in April, 1976, the defendant, in May, came to Connecticut and took the other child, Karen, back to California where, according to the facts reported in the defendant's brief filed October 12, 1977, she is "a domiciliary" and "has been living in California, with her mother, since July 18, 1975."

It is quite obvious that the provision in the court's decree that the plaintiff should have custody and the defendant should have the right of "reasonable visitation" has, as a practical matter and viewed with the benefit of hindsight, proved not to be workable. That this portion of the decree has subsequently proved unworkable does not,

however, establish that the judgment as and when entered was erroneous as the majority opinion concludes. Section 46-42 of the General Statutes[1] expressly authorizes the Superior Court "at any time" to "make or modify any proper order relative to custody, care, education, *visitation* and support" of minor children entered in connection with proceedings for the dissolution of a marriage. (Emphasis supplied.)

In my view, the trial court did not commit any error in granting to the defendant rights of reasonable visitation. If the parties have since been unable to agree on what is "reasonable" under the circumstances as to any elements of time, place, frequency, expense involved or any other factor entering into "reasonable visitation" and what is for the best interests of the children so that it appears that the visitation portion of the decree as it stands is unworkable, then the remedy lies in a motion in

---

[1] "[General Statutes] Sec. 46-42. SUPERIOR COURT ORDERS RE CUSTODY AND CARE OF MINOR CHILDREN. At any time after the return day of any complaint under section 46-36 and in any controversy before the superior court as to the custody or care of minor children, the court may at any time make or modify any proper order relative to custody, care, education, visitation and support of such children and may assign the custody of any of such children to either parent, or to a third party, according to its best judgment upon the facts of the case and subject to such conditions and limitations as it deems equitable. In making or modifying any order with respect to custody or visitation, the court shall be guided by the best interests of the child, giving consideration to the wishes of the child if he is of sufficient age and capable of forming an intelligent preference, provided in making such initial order the court may take into consideration the causes for dissolution of the marriage or legal separation. In determining whether a child is in need of support and, if in need, the respective abilities of the parents to provide such support, the court shall take into consideration all the factors enumerated in section 46-57. When said court is not sitting, any judge thereof may, prior to any action in the premises by the court, make any such order in the cause, including orders of injunction."

the trial court pursuant to § 46-42 of the General Statutes to modify the provisions of the decree in the light of those circumstances. *Cleveland* v. *Cleveland,* 165 Conn. 95, 100, 328 A.2d 691.

I would find no error.