MARION T. STROHMEYER *v.* WALTER J. STROHMEYER

BOGDANSKI, PETERS, HEALEY, ARMENTANO and SHEA, Js.

Argued February 11—decision released March 17, 1981

*Barry B. Johnson,* for the appellant (plaintiff).

*James R. Greenfield,* with whom was *Louise C. LaMontagne,* for the appellee (defendant).

PETERS, J.  The principal issue on this appeal is the propriety of action taken by a trial court, on its own motion, to grant joint custody of a minor child to both of the child's parents.  The case was initiated by the plaintiff, Marion T. Strohmeyer, when she filed a complaint seeking a legal separation from the defendant, Walter J. Strohmeyer.  The plaintiff's complaint sought alimony, child support, custody of the minor child, an assignment of property interests, attorney's fees, and other just and equitable relief.  The defendant, in his counterclaim, asked that the marriage between the parties be dissolved because it had broken down irretrievably, for an assignment of property interests, and for other just and equitable relief.  After a hearing,

*Hon. John R. Thim,* state trial referee, acting as the trial court, rendered a judgment of dissolution, awarded custody of the minor child to the parties jointly, ordered terminable alimony for a three year period, assigned the plaintiff's interest in the jointly owned family home to the defendant, and ordered the defendant to pay the plaintiff counsel fees in the amount of $1000. The plaintiff has appealed.

The plaintiff contends that the trial court erred in granting joint custody of the minor child to the parties, and in its award of support, alimony and property. Ordinarily, such claims would be unlikely to succeed because the resolution of disputes arising out of a family dissolution is, according to well-established principles, a matter best left to the sound exercise of broad discretion by the trial court. *Koizim* v. *Koizim,* 181 Conn. 492, 497, 435 A.2d 1030 (1980); *Fucci* v. *Fucci,* 179 Conn. 174, 180–81, 425 A.2d 592 (1979); *Jacobsen* v. *Jacobsen,* 177 Conn. 259, 262–63, 413 A.2d 854 (1979).

What makes this case different is that the trial court, on its own motion, decided to award the parents joint custody of the minor child, Fritz, although neither the pleadings nor the proceedings at trial contained any claim by the defendant father that he contested the plaintiff mother's request for sole custody. In his counterclaim, the defendant did not request sole or joint custody. Although in his testimony the defendant stated that he would like to have joint custody, upon the plaintiff's objection that she was surprised by this development, and had not prepared for a contested custody hearing, the defendant expressly withdrew any such claim. The court also appeared to have laid the custody question to rest when it stated, at the end of the trial, "I will presently give custody to the mother and

I'll make some provision for the support of that child but I am going to give this father reasonable visitation." The court then invited submissions from counsel to assist it in framing the visitation order, which posed some difficulty because of prior disagreement between the parties and because of the plaintiff's removal of herself and the child Fritz to Cutchogue, New York, where she had found employment.

Under our statute, a trial court "may assign the custody of any child to either parent, to the parents jointly or to a third party, according to its best judgment upon the facts of the case and subject to such conditions and limitations as it deems equitable." General Statutes § 46b-56 (a). "In making . . . any order with respect to custody or visitation, the court shall be guided by the best interests of the child, giving consideration to the wishes of the child if he is of sufficient age and capable of forming an intelligent preference, providing in making the original order the court may take into consideration the causes for dissolution of the marriage or legal separation." § 46b-56 (b). The court has jurisdiction to act on custody matters "at any time after the return day of any complaint for [annulment, dissolution of marriage or legal separation]." § 46b-56 (a).

These legislative commandments make it clear that a court has the authority, in the best interests of the child, to inquire into custody arrangements even when the parties to a marital dissolution have chosen not to contest custody. See *Danielson* v. *Danielson,* 174 Conn. 427, 429, 389 A.2d 750 (1978); *Krasnow* v. *Krasnow,* 140 Conn. 254, 259–60, 99 A.2d 104 (1953); *Morrill* v. *Morrill,* 83 Conn. 479, 489, 77 A. 1 (1910); Clark, Domestic Relations § 16.10,

p. 549 (1976). It must, however, exercise that authority in a manner consistent with the due process requirements of fair notice and reasonable opportunity to be heard. Without a hearing, a trial court may not adjudicate a question of such vital importance to the parties, and one so inherently fact-bound in its resolution. Before a parent is permanently deprived of legal custody, or any change is made therein, the usual and ordinary procedures of a proper and orderly hearing must be observed. See *Morrill* v. *Morrill,* supra, 485, and compare General Statutes § 46b-57 and *Seymour* v. *Seymour,* 180 Conn. 705, 710, 433 A.2d 1005 (1980). The uniform holding of other courts with statutes such as ours is to insist upon notice to the affected parties before a court may order a permanent change in custody. See, e.g., *Scheer* v. *Scheer,* 132 So. 2d 456, 458 (Fla. App. 1961); *Welch* v. *Welch,* 256 Iowa 1020, 1023-24, 129 N.W.2d 642 (1964); *State ex rel. Shelhamer* v. *District Court,* 159 Mont. 11, 13-14, 494 P.2d 928 (1972); *Francis* v. *Francis,* 195 Neb. 417, 420-21, 238 N.W.2d 468 (1976); *Tuttle* v. *Tuttle,* 66 N. Mex. 134, 137-38, 343 P.2d 838 (1959); *Siclari* v. *Siclari,* 25 App. Div. 2d 677, 268 N.Y.S.2d 552 (1966); *Seber* v. *Glass,* 258 S.W.2d 122, 124 (Tex. Civ. App. 1953); and cases cited in note, 16 A.L.R.2d 664-66 (1951).

The trial court therefore erred in awarding joint custody in the circumstances of this case. Difficulties in the formulation of an adequate visitation order are not a sufficient reason to order joint custody without a further hearing upon that issue.[1]

[1] We note that after the court had rendered its judgment, the plaintiff moved to open the judgment, and to allow rehearing and reargument of the case. In this motion, the plaintiff expressly requested permission to present additional evidence. The motion was denied.

The question that remains is the extent to which the remainder of the trial court's judgment is affected by its erroneous order with regard to custody. The defendant conceded, at oral argument, that custody and support were irretrievably linked, but urged the independence of the orders relating to alimony and to the assignment of the plaintiff's interest in the marital home to the defendant. We agree with the plaintiff that upon this record we cannot determine what the trial court, in the exercise of its discretion, would have ordered had the defendant not been awarded joint custody. We do not mean to intimate that, upon further proceedings, the orders originally entered may not again be deemed appropriate. We simply lack a factual basis upon which to make the judgment of propriety ourselves.

There is error; the judgment is set aside and the case is remanded for further proceedings consistent with this opinion.

In this opinion the other judges concurred.