[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO DISMISS DATEDAPRIL 16, 1997
FACTS
The plaintiff, Patrice J. Franz, and the defendant, Christopher D. Franz, resided in New Fairfield, Connecticut, until September, 1995. The parties still jointly own real property located at 27 Deer Lane in New Fairfield. They have one minor child, Christopher J. Franz, born on October 22, 1991.
Pursuant to a job offer to the defendant by General Motors, the parties decided to leave Connecticut and to move to Fort Wayne, Indiana. On or about September 16, 1995, the parties, along with their minor child, travelled to Fort Wayne to look for housing. The defendant remained in Indiana and started his new job. The plaintiff and the minor child left Indiana and returned to Connecticut on September 24, 1995. The defendant became a resident and domiciliary of Indiana on September 30, 1995. Thereafter, on or about November 10, 1995, the plaintiff and the minor child left Connecticut to take up residence in Indiana.
While in Indiana the parties' marriage irretrievably broke down and the defendant filed for divorce on April 25, 1996, in the Allen County Circuit Court in Indiana. According to both the plaintiff's and defendant's affidavit, the plaintiff and the minor child left Indiana on April 27, 1996, and returned to Connecticut. On May 23, 1996, the plaintiff filed a complaint in this court against the defendant seeking a dissolution of marriage, distribution of property and custody.
The defendant obtained personal service on the plaintiff for CT Page 9143 the Indiana action on July 22, 1996, which was only four days before a hearing was scheduled regarding the dissolution of marriage and custody issues. The summons served on her specifically stated that "you or your attorney must file a written answer to the claim within twenty (20) days, commencing the day after you receive this summons, or judgment may be entered against you as claimed." On July 26, 1996, the day of the hearing, a decree of dissolution was signed by Magistrate Thomas J. Felts of the Allen County Circuit Court, and the defendant was granted custody of the minor child. The plaintiff was not present at the above mentioned hearing, nor did she file an appearance in the Indiana action, nor was she given the 20 days she was told by the summons she had to file an answer, before judgment could enter.
On December 10, 1996, Magistrate Felts issued an order setting aside the July 26, 1996 decree of dissolution. He specifically found that Mrs. Franz did not have proper notice, and dismissed the case,.setting aside the Decree of Dissolution. In his order Magistrate Felts stated that:
 "The court, having been advised of an interstate custody dispute pursuant to the Uniform Child Custody Jurisdiction Act, and in consideration of lack of proper notice to Respondent, now sets aside its Decree of Dissolution of July 26, 1996. Upon determining that the state of Connecticut is the more proper venue for this case pursuant to the Uniform Child Custody Jurisdiction Act, this Court declines jurisdiction and, in consideration of a custody proceeding being instituted in the State of Connecticut, orders this case dismissed."
As a result of Magistrate Felts' order, the defendant filed a motion to correct error, dated January 7, 1997, with the Allen County Circuit Court. The parties were notified that a hearing was scheduled for February 18, 1997, to hear the defendant's motion. Thereafter, on January 30, 1997, the plaintiff filed an amended complaint in this court requesting only custody of the minor child and support for the child.
On February 18, 1997, after due notice to the plaintiff, the hearing was held and Magistrate Felts granted the defendant's CT Page 9144 motion to correct error and set aside his order of December 10, 1996. This was approved by Judge Thomas L. Ryan. The plaintiff did not attend, nor was she represented, at this hearing. The order stated, in part, that:
 "The court now orders the reinstatement of the original Decree of Dissolution of Marriage entered by this Court on July 26, 1996, including specifically those provisions with respect to custody of the parties' minor child, Christopher J. Franz (dob 10/21/91). The Court finds that this Court has proper jurisdiction to decide child custody matters pertaining to the said minor child and orders that the Respondent observe the prior Orders of this Court with respect to custody of the said minor child."
There was no mention whatsoever in this February 18, 1997 order, of Magistrate Felt's finding on December 10, 1996, that Mrs. Franz did not receive proper notice of the July 26, 1996 Dissolution of Marriage hearing. This order purported to reinstate the original (July 26, 1996) Decree of Dissolution of Marriage. However, the original decree was entered without Mrs. Franz having proper notice.
On April 17, 1997, the defendant filed the present motion to dismiss. The defendant moves to dismiss on the grounds that the State of Connecticut lacks personal jurisdiction over the defendant and that a decree of dissolution of marriage was entered by the Allen County Circuit Court of Indiana where the court determined it had jurisdiction over all the parties. The defendant filed a memorandum in support of his motion and the plaintiff filed a memorandum in opposition.
DISCUSSION
"A motion to dismiss . . . properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court." (Emphasis in original; internal quotation marks omitted.) Gurlacci v. Mayer, 218 Conn. 531, 544,590 A.2d 914 (1991); Third Taxing District v. Lyons, 35 Conn. App. 795,803, 647 A.2d 32, cert. denied, 231 Conn. 936, 650 A.2d 173
(1994). "A motion to dismiss tests, inter alia, whether, on the CT Page 9145 face of the record, the court is without jurisdiction." Upson v.State, 190 Conn. 622, 624, 461 A.2d 991 (1983). "[A] motion to dismiss is not designed to test the legal sufficiency of a complaint in terms of whether it states a cause of action." Prattv. Town of Old Saybrook, 225 Conn. 177, 185, 621 A.2d 1322
(1993).
 I
The defendant's first argument is that this court lacks jurisdiction because the Indiana Circuit Court has determined that it had jurisdiction over the parties and ruled on the issues before this court. In essence, the plaintiff asks this court to recognize the Indiana proceedings and dismiss this action. This court, however, lacks subject matter jurisdiction to recognize the Indiana proceedings because the plaintiff never entered an appearance in Indiana.[1]
"General Statutes § 46b-71 (b) consigns to the courts of this state the power to enforce, satisfy, modify, alter, amend, vacate, set aside or suspend a foreign matrimonial judgment that has been properly filed in a Connecticut court. This subject matter jurisdiction is circumscribed, however, by General Statutes § 46b-70, which defines a foreign matrimonial judgment as `any judgment, decree or order of a court of any state in the United States in an action for . . . divorce . . . or dissolution of marriage, for the custody . . . or support of children . . . in which both parties have entered an appearance.'
The requirement of the entry of an appearance by both parties is a `threshold requirement for enforcement' of a foreign matrimonial judgment. Morabito v. Wachsman, 191 Conn. 92, 101,463 A.2d 593 (1983)." (Emphasis in original.) Colby v. Colby,33 Conn. App. 417, 420, 635 A.2d 1241 (1994); Mirabal v. Mirabal,30 Conn. App. 821, 825, 622 A.2d 1037 (1993). "The language of § 46b-70 differs from that of other uniform enforcement of judgments acts; it `reflects the intent of the legislature to ensure that both parties have actual notice of an out-of-state proceeding, and to preclude adoption of foreign judgments obtained by a default appearance.' Rule v. Rule, 6 Conn. App. 541, 544,506 A.2d 1061, cert. denied, 201 Conn. 801, 513 A.2d 697 (1986);Morabito v. Wachsman, supra, 101 n. 9. A trial court has no competency to exercise power over an out-of-state matrimonial judgment that does not satisfy the requirements of § 46b-70." Colby v. Colby,
supra, 420-21; Mirabal v. Mirabal, supra, 825-26. CT Page 9146
"Under the full faith and credit clause of the constitution of the United Statutes (article IV § 1) and its implementing statute (62 Stat. 947, 28 U.S.C. § 1738), the judicial proceedings of a state must be given full faith and credit in every other state. The judgment rendered in one state is entitled to full faith and credit only if it is a final judgment, and the judgment is final only if it is not subject to modification in the state in which it was rendered." Krueger v. Krueger,179 Conn. 488, 490, 427 A.2d 400 (1980). "The full faith and credit clause does not automatically transform a foreign judgment into a valid judgment in this state. In order for a foreign judgment to constitute a valid judgment, it must be made a judgment in this state." (Citation omitted.) Cahn v. Cahn, 26 Conn. App. 720, 730,603 A.2d 759 (1992), aff'd, 225 Conn. 666, 626 A.2d 296 (1993). Because the plaintiff never made an appearance in the Indiana proceedings, that judgment is not a "foreign matrimonial judgment" as defined in § 46b-70 and is not enforceable in Connecticut.
In addition to this, as found by Magistrate Felts on December 10, 1996, and as clearly indicated by the Summons served on the plaintiff four days prior to the July 26, 1996 Dissolution of Marriage hearing, she did not receive proper notice of the hearing which gave rise to the Indiana judgment. This court will not give full faith and credit to any such judgment. That judgment did not comply with Indiana's own notice requirements as stated in the summons.
 II
The defendant also argues that this court lacks personal jurisdiction to determine custody under the Uniform Child Custody Jurisdiction Act ("UCCJA") or order child support. Examining the latter first, General Statutes § 46b-46 (b) provides the relevant long arm jurisdiction. That section states:
 "The court may exercise personal jurisdiction over the nonresident party as to all matters concerning temporary or permanent alimony or support of children only if: (1) The nonresident party has received actual notice under subsection (a) of this section;[2] and (2) the party requesting alimony or support of children meets the residency requirement of section 46b-44. CT Page 9147
Section 46b-44 states:. "(c) A decree dissolving a marriage . . . may be entered if: (1) One of the parties to the marriage has been a resident of this state for at least the twelve months next proceeding the date of the filing of the complaint or next preceding date of the decree; or (2) one of the parties was domiciled in this state at the time of the marriage and returned to this state with the intention of permanently remaining before filing the complaint. . ." The mandates of §46b-46 (b) are met in that the defendant received proper notice pursuant to § 46b-46 (a) and the plaintiff satisfies the residency requirement because the parties were domiciled in Connecticut at the time of their marriage and the plaintiff has since returned to the state with the intention of permanently remaining.
"While a long-arm statute may allow Connecticut courts to assert personal jurisdiction over a nonresident, such assertion of jurisdiction must still comply with the federal constitutional requirements of due process." Cato v. Cato, 27 Conn. App. 142,147 n. 6, 605 A.2d 558 (1992), aff'd, 226 Conn. 1, 626 A.2d 734
(1993). "All assertions of state court jurisdiction must be evaluated according to the minimum contacts test." StandardTallow Corp. v. Jowdy, 190 Conn. 48, 51, 459 A.2d 503 (1983). "The due process clause protects an individual's liberty interest in not being subject to the binding judgments of a forum with which he has established no meaningful contacts. Burger King Corp. v.Rudzewicz, 471 U.S. 462, 471-72, 105 S.Ct. 2174, 85 L.Ed.2d 528
(1984). The United States Supreme Court has held that the test to be applied in considering the reach of personal jurisdiction is whether (1) the nonresident party has created a substantial connection to the forum state or otherwise invoking the benefits and protections of the laws of the state, and (2) the exercise of jurisdiction based on those minimum contacts would not offend traditional notions of fair play and substantial justice. AsahiMetal Industry Co. v. Superior Court, 480 U.S. 102, 111-112,107 S.Ct. 1026, 94 L.Ed.2d 92 (1987); Burger King Corp. v. Rudzewicz,
supra, 471 U.S. 475-76; Hanson v. Denckla, 357 U.S. 235, 253,78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958). As long as it creates a substantial connection with the forum state, even a single act can support jurisdiction. McGee v. International Life InsuranceCo., 355 U.S. 220, 223, 78 S.Ct. 199, 2 L.Ed.2d 223 (1957). The court must look at the totality of the party's conduct and connection with this state and determine whether the party could have reasonably anticipated being haled into court in CT Page 9148 Connecticut. Frazer v. McGowan, 198 Conn. 249." Cashman v.Cashman, 41 Conn. App. 382, 389, 676 A.2d 427 (1996). The minimum contacts necessary to subject a defendant to suit are not determined through a mechanical or quantitative evaluation of a defendant's activities in the forum, but rather through a qualitative examination of the relationship among the defendant, the forum and the litigation. Shaffer v. Heitner, 433 U.S. 186,204, 97 S.Ct. 2569, 53 L.Ed.2d 683 (1977).
The defendant does not reside in Connecticut nor is there any evidence to suggest that has he conducted any activities in the state since moving to Indiana. The only connection between the defendant and Connecticut is his joint ownership of property within the state. "`Mere presence of the property within the state is probably insufficient to support jurisdiction over claims unrelated to the defendant's activities within the forum.' The Supreme Court, 1976 Term, 7 Harvard L. Rev., 72, 159-160 (1977)."Chemical Bank v. Schlesinger, Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 122878 (December 21, 1993, Mottolese, J.). Accordingly, the court lacks in personam jurisdiction over the defendant with regard to the enforcement of an order of support.
A different result, however, is reached with regard to this court's jurisdiction over the issue of custody. General Statutes § 46b-90 et seq. describes the jurisdictional requirements for child custody. General Statutes § 46b-93 states, in pertinent part, that under the Uniform Child Custody Jurisdiction Act:
 "A court of this state shall have jurisdiction to make a child custody determination by initial or modification decree if: (1) This state (A) is the home state of the child at the time of commencement of the proceeding, or (B) had been the child's home state within six months before the commencement of the proceeding and the child is absent from this state because of his removal or retention by a person claiming his custody or for other reasons, and a parent or person acting as parent continues to live in this state; or (2) it is in the best interest of the child that a court of this state assume jurisdiction because (A) the child and his parents, or the CT Page 9149 child and at least one contestant, have a significant connection with this state, and (B) there is available in this state substantial evidence concerning the child's present or future care, protection, training and personal relationships . . ."[3]
This court has custody jurisdiction in the case under (2) of the above quoted statute.
Although this court lacks in personam jurisdiction over the defendant to provide an order of support; this court has jurisdiction over the determination of custody of the minor child. "In Pennoyer v. Neff, [95 U.S. 714, 733, 24 L.Ed 565
(1878)], the fountainhead of the requirement for the defendant's presence within the forum state to support the exercise of jurisdiction in personam, the court's opinion excepted `cases affecting the personal status of the plaintiff' from that requirement." Pinder v. Pinder, 42 Conn. App. 254, 260,679 A.2d 973 (1996). A custody determination is nothing more than a finding of the minor child's status in relation to his parents. See Danielson v. Danielson, 174 Conn. 427, 429, 389 A.2d 750
(1978) (marital status of the parties includes the custody of the children).
Magistrate Felts in his order setting aside the July 26, 1996 decree of dissolution stated that Connecticut was the more proper venue for this case pursuant to the Uniform Child Custody Jurisdiction Act. This court believes that it is in the best interest of the minor child that Connecticut assumes jurisdiction regarding custody. The minor child has lived his entire life in Connecticut with the exception of the time period between November 10, 1995 and April 27, 1996.
This court is mindful of the fact that General Statutes § 46b-103 requires that. "[c]ourts of this state shall recognize and enforce an initial or modification decree of a court of another state which has assumed jurisdiction under statutory provisions substantially in accordance with this chapter or which was made under factual circumstances meeting the jurisdictional standards of this chapter . . ." However, Magistrate Felt's decision to reinstate the July 26 Indiana decree of dissolution did not state the basis for determining jurisdiction.
Pursuant to § 46b-103, the factual circumstances were not CT Page 9150 such that Indiana would maintain jurisdiction under the UCCJA. The Indiana definition of "Home state" is "the state in which the child, immediately preceding the time involved, lived with his parents . . . for at least six (6) consecutive months. . . ." Indiana Code 31-1-11.6-2; Conn. Gen. Stat. 46b-92.
Based on the defendant's affidavit, which acknowledged that the parties were residing and domiciled in Connecticut until September 30, 1995, and the plaintiff's affidavit, which stated that she and the child did not come to Indiana until November 12, 1995, which was fewer than six months prior to the commencement of the Indiana proceeding, (April 25, 1996), Indiana was not the child's home state. The UCCJA, Indiana Code 31-1-11.6-3 states under what circumstances Indiana has jurisdiction to make a child custody determination. Applying that statute to the facts of this case, Indiana lacks jurisdiction.
The minor child has lived in Connecticut since his birth on October 22, 1991, except for the five and one-half month period from November 10, 1995 until April 27, 1996. It is in his best interests that Connecticut assume custody jurisdiction because his mother and he have a significant connection with Connecticut, and there is available only in Connecticut substantial evidence concerning his care, protection, training and personal relationships.
Connecticut is the proper forum to determine the custody of the minor child, an opinion originally shared by Magistrate Felts. The purpose of the UCCJA is not thwarted if Connecticut retains jurisdiction to determine the issue of custody.
Accordingly, for the foregoing reasons, this court denies the defendant's motion to dismiss with regard to the issue of custody. In addition, as stated above, this court lacks in personam jurisdiction to enforce an order of support against the defendant and therefore grants the motion to dismiss as to that portion of the plaintiff's amended complaint.
HON. RICHARD A. WALSH, J.