# KONDAS *v*. WASHOE COUNTY BANK

## No. 2735

April 11, 1927.                              254 P. 1080.

### ON MOTION TO DISMISS APPEALS

1. APPEAL AND ERROR—AGGRIEVED PARTY.

    Within the meaning of Rev. Laws, 5327, providing that aggrieved parties may appeal, an "aggrieved" party is one who is injured.

2. APPEAL AND ERROR—MOVANT IS AGGRIEVED AS TO ADVERSE PORTION OF ORDER.

    In action by buyer of two bills of exchange drawn on foreign bank, against seller for their refusal through seller's fault, wherein judgment was rendered for defendant and plaintiff's motion for new trial was granted as concerned one draft and refused as concerned the other, plaintiff *held* "aggrieved" as to adverse portion of order, within the meaning of Rev. Laws, 5327, providing that aggrieved parties may appeal; section 5329 being inapplicable, since merely fixing the time for taking an appeal.

3. NEW TRIAL—NOTICE OF DECISION.

    Procuring by appellant of an order directing appellee to prepare findings of fact for an appeal from an order denying a new trial *held* not a waiver of written notice of the adverse decision, required by Stats. 1921, c. 86, providing that a party must file and serve notice of intention to move for new trial within ten days after written notice of an adverse decision.

4. NEW TRIAL—NOTICE OF DECISION.

    Under Stats. 1921, c. 86, providing that a party intending to move for a new trial must file and serve notice of his intention within ten days after written notice of the adverse decision, actual notice of adverse decision is insufficient, and written notice must be given unless waived.

5. NEW TRIAL—INTENTION TO WAIVE NOTICE MUST BE CLEARLY SHOWN.

    Notice of adverse decision required by Stats. 1921, c. 86, providing that party intending to move for a new trial must give notice of his intention within ten days after written notice of adverse decision, is not waived, in absence of manifestation of clear and unequivocal intention to do so.

6. APPEAL AND ERROR—JUDGMENT DATES FROM ANNOUNCEMENT.

    Within Rev. Laws, 5329, allowing appeal from final judgment within six months from rendition of final judgment, the date of the final judgment is the date of its announcement in open court rather than the date when formal findings and judgment are signed.

7. APPEAL AND ERROR—APPEAL FROM JUDGMENT OUT OF TIME IS NOT TIMELY BECAUSE MADE JOINTLY WITH TIMELY APPEAL FROM ORDER ON MOTION FOR NEW TRIAL.

    That appeal from final judgment is taken jointly with timely appeal from order entered on motion for new trial

does not render the appeal from the judgment timely, where it is not taken within six months from the date of the rendition of the judgment as required by Rev. Laws, 5329, notwithstanding sections 5328, 5330, 5359.

8. Appeal and Error—To Modify Statute by Subsequent Act. Intention Must Clearly Appear, or at Least Acts Must Be Clearly Conflicting.

Court will not construe Rev. Laws, 5329, requiring appeal from judgment to be taken within six months after the rendition of the judgment, to be modified even by subsequent act, unless it clearly appear that the subsequent act was intended to modify it, or at least they are so inconsistent as to be clearly in conflict.

9. Statutes—Two Sections or Acts in Pari Materia Must Be Harmonized.

Court must harmonize two sections or two acts which are pari materia.

10. Statutes—Repeals by Implication Are Not Favored.

Repeals by implication are not favored, but the presumption is always against intention to repeal where express terms are not used.

### C. J.–CYC. REFERENCES

Aggrieved—2 C. J. p. 973, n. 29. .

Appeal and Error—3 C. J. sec. 462, p. 613, n. 26; sec. 493, p. 633, n. 16; sec. 494, p. 635, n. 37; sec. 1033, p. 1042, n. 18; sec. 1050, p. 1053, n. 12; sec. 1054, p. 1055, n. 34.

New Trial—29 Cyc. p. 939, n. 57, 59, 61; p. 940, n. 62.

Statutes—36 Cyc. p. 1071, n. 25; p. 1072, n. 26; p. 1149, n. 39.

Waiver—40 Cyc. p. 261, n. 12.

Appeal from Second Judicial District Court, Washoe County; *George A. Bartlett,* Judge.

Action by John Kondas against the Washoe County Bank. From an adverse judgment and an order denying his motion for new trial, plaintiff appealed. On motions to dismiss the appeals. **Appeal from the judgment dismissed. Motion to dismiss appeal from the order entered on the motion for a new trial denied.**

*Price & Hawkins,* for Movant:

Appeal may be taken from final judgment within six months after rendition of judgment (Rev. Laws, 5329), by filing with clerk notice stating appeal and within three days thereafter serving similar notice on adverse party. Rev. Laws, 5330. Necessity for compliance is jurisdictional. Appeal must be taken within time and

in manner prescribed.  Twilegar v. Stevens, 49 Nev. 273; Kingsbury v. Copren, 47 Nev. 466; Clark v. Turner, 42 Nev. 450.

Appeal may be taken from order granting or refusing new trial within sixty days after order is made and entered in minutes.  Rev. Laws, 5329.  Plaintiff moved for new trial.  There was no order refusing it.  On contrary, new trial was ordered, limited to bill No. 3503, from which order as written plaintiff does not attempt to appeal, and from which he has no right of appeal because appeal lies only from order granting or refusing new trial.  Order was in plaintiff's favor; he is not, therefore, aggrieved in legal sense.  Schino v. Cinquina, 94 P. 83.

As to legal question of waiving right to notice of decision in connection with filing and serving notice of intention, see Green v. Hooper, 41 Nev. 2.

*Huskey & Souter,* for Appellant:

Judgment is final determination of rights of parties in action or proceeding.  Rev. Laws, 5328.  To say that oral pronouncement by court is final determination is incorrect.  In this case, controversy over proper findings lasted for months.  Final determination took place June 13; oral pronouncement was on April 22.  What findings would be were not known until latter date. Rule in Central Trust Co. v. Holmes Mng. Co., 30 Nev. 437, though of long standing, is so contrary to plain wording of statute it should be changed.  Anyway, mere use of date in notice of appeal is surplusage and may be disregarded or corrected.  And again, though appellant may seem too late, under Rev. Laws, 5328, where appeal is taken on insufficiency of evidence or alleged errors in ruling, motion for new trial must be made and determined before appeal is taken.  By appealing without moving for new trial, right to new trial is waived.

When appeal is from judgment and order denying new trial, one notice is sufficient.  Rev. Laws, 5330.

Sections 5228, 5229, and 5330 must be read together. Motion for new trial was not determined within six months after rendition of judgment.

Court limited new trial to one note. For movant to say court did not refuse new trial as to other note is facetious.

## OPINION

By the Court, COLEMAN, J.:

The plaintiff has appealed from the judgment against him and from an order denying a motion for a new trial.

The case is before the court on motions to dismiss the appeals of the plaintiff. The parties will be referred to as they were designated in the lower court.

The court rendered its decision and judgment in open court on April 22, 1925, and on June 13, 1925, signed formal findings of fact and judgment order. On April 27, 1925, the plaintiff obtained from the court an order directing the defendant to prepare findings of fact. On April 29, 1925, defendant served on plaintiff notice of the decision and judgment rendered on April 22. On May 8, 1925, plaintiff served and filed his notice of intention to move for a new trial. On November 23, 1925, the court entered its order on plaintiff's motion for a new trial.

To a full understanding of the matter under consideration a brief statement is necessary. The complaint alleges that on September 6, 1919, the defendant, for value, issued to the plaintiff two bills of exchange on the National Bank of Greece, at Athens, one being for 3,250 drachmas and the other being for 81,255 drachmas. On or about September 28, 1919, the two bills were presented to the National Bank of Greece for acceptance, which was refused, as claimed, through the fault of the defendant. Damages demanded. Though plaintiff's demands are presented in seven causes of action, we think the above statement will suffice. The trial court rendered judgment in favor of the defendant.

Upon a consideration of plaintiff's motion for a new trial, the court, on November 23, 1925, filed a written decision, in which it stated, inter alia:

"The court is satisfied with his decision as to draft No. 3504 for 8,125 drachmas, erroneously written by the issuing bank for 81,255 drachmas, but is dissatisfied with the decision as to draft No. 3503 for 3,250 drachmas. This latter draft had been altered by the issuing bank, the word "lires" having been first written and scratched and the word "drachmas" then written, which, under the testimony of banking experts, gave the instrument but a discretionary value at best, under banking practice; the drawee bank, the National Bank of Greece, at Athens, refusing to pay in this instance, and having returned the said draft to Kondas, the payee, and in its letter discharging itself of responsibility.

"Plaintiff payee paid $600 for this 3,250 drachma draft, and was entitled to an instrument free from such error as would leave payment thereof to the discretion of the drawee bank on presentment.

"The issues involved as to the two drafts are distinct and separable.

"It is ordered that a new trial be had herein, hereby specifically limited to the matters involved in and concerning bill of exchange No. 3503, issued by the Washoe County Bank to John Kondas September 6, 1919, specifically described and referred to in the pleadings herein."

The point which we will first consider is that a party can appeal only from an adverse order, and that in this instance the order made on the motion for a new trial is favorable to the plaintiff. The notice of appeal which was served and filed January 20, 1926, so far as material to this inquiry, is to the effect that the plaintiff appeals from the judgment and order as follows:

"You, and each of you, will please take notice that the plaintiff in the above-entitled action does hereby appeal to the Supreme Court of the State of Nevada from the judgment made and entered in the above-entitled district court in the above-entitled cause on the 13th day

of June, 1925, in favor of the defendant and against the plaintiff, and from the whole thereof, and also from an order made and entered in the above-entitled court and cause on the 23d day of November, 1925, on plaintiff's motion for a new trial, in so far as said order denies plaintiff's motion and application for a new trial of said cause with reference to the matters involved in and concerning bill of exchange No. 3504 for 81,255 drachmas, issued by the Washoe County Bank, defendant in the above court and cause, to John Kondas, plaintiff in the above court and cause, on September 6, 1919, and specifically described in and referred to in the pleadings in the above-entitled cause."

1. Section 5327, Rev. Laws, provides that aggrieved parties may appeal. Can it be said that the plaintiff was aggrieved by the order of the court made in passing upon the motion for a new trial? In a legal sense an aggrieved person is one who is injured. 2 C. J. 973. In McKenna v. McKenna, 29 R. I. 224, 69 A. 844, in considering a similar question, the court quoted approvingly as follows:

"The rule generally adopted in construing statutes on this subject is that a party is aggrieved by the judgment or decree when it operates on his rights of property or bears directly upon his interest. 2 Cyc. L. 633. The word 'aggrieved' refers to a substantial grievance, a denial of some personal or property right, or the imposition upon a party of a burden or obligation"—citing authorities.

In Re Switzer, 201 Mo. 66, 98 SW. 461, 119 Am. St. Rep. 731, the court held that:

" 'Every person aggrieved' includes every person whose rights were in any respect concluded by the judgment."

In Washington County Abstract Co. v. Stewart, 9 Idaho, 376, 74 P. 955, the court said on rehearing:

"If the court entered a judgment which deprives the plaintiff here of any of its property rights, then it must be a 'party aggrieved' within the meaning of the statute."

See, also, In Re Macky's Estate, 46 Colo. 100, 102 P. 1088; Woodward v. Spear, 10 Vt. 422.

2. The order of the court was partially in favor of the plaintiff and partially adverse to him. To the extent that it was adverse to him he was aggrieved and had a right to appeal. In this connection counsel for defendant insist that since section 5329 provides that an appeal "from an order granting or refusing a new trial," "may be taken * * * within sixty days," and since the order in question contains the words, "* * * it is ordered that a new trial be had herein, * * *" the order is favorable to the plaintiff and hence he cannot appeal. Section 5329 does not purport to provide who may appeal, but merely fixes the time in which an appeal may be taken. Section 5327 states who may appeal, as we have pointed out. The notice of appeal clearly states that the appeal is from that portion of the order that is adverse to him. This in our opinion is all that is necessary.

3. It is further contended that the appeal from the order made on the motion for a new trial should be dismissed for the reason that the notice of intention to move for a new trial was not served and filed within the time prescribed by law. Chapter 86, Stats. 1921, provides that a party intending to move for a new trial where an adverse decision has been rendered against him by a court must, within ten days after written notice of such decision, file and serve notice of his intention, etc.

We have pointed out above that the written notice of the decision of the court was served upon the plaintiff on April 29, 1925, and that plaintiff's notice of intention to move for a new trial was filed and served on May 8, 1925—within ten days thereafter. But it is said by the defendant that, while this is true, plaintiff had waived such written notice by the procuring of the order of April 27 directing the defendant to prepare findings of fact. In reply to this contention plaintiff says the procuring of the order mentioned did not constitute such a waiver, and even if it did the defendant waived such

waiver by thereafter serving the written notice of the judgment.

4, 5. We are of the opinion that the procuring by plaintiff of the entry of the order of April 27 did not constitute a waiver of the written notice. It is evident, too, that counsel did not so consider it at the time of the service of the written notice of the decision, for, if he had, he would have deemed the service thereof entirely unnecessary and sterile of all results, and hence would not have gone to the trouble of making such service. Under the law, plaintiff had ten days from the service of written notice of the rendition of the judgment in which to file and serve notice of his intention to move for a new trial. Of course he had actual notice thereof because he was in court when it was rendered, but when the statute provides for written notice, as in this case, such notice must be given unless waived. Maurin v. Carnes, 80 Minn. 524, 83 NW. 415. Surely no court will say that such a statutory requirement can be deemed waived unless an intention to do so is clearly and unequivocally manifested. 27 R. C. L. 908; 40 Cyc. 261.

It is not pointed out wherein such intention is clearly and unequivocally manifested, and we fail to perceive any indication of such intention. The procuring of the order in question was in no way incident to the procuring of a new trial, and could in no way affect such a procedure. If the plaintiff had taken steps for the purpose of procuring a new trial, a clear intention to waive the written notice would have been signified. Maurin v. Carnes, supra.

For the reasons given, the motion to dismiss the appeal from the order entered on the motion for a new trial is denied.

6. We are now brought to a consideration of the motion to dismiss the appeal taken from the judgment. This motion is based upon the ground that the appeal was not taken within six months from the rendition of final judgment as required by section 5329, Rev. Laws. As we have pointed out, the judgment was rendered in

open court on April 22, 1925, formal findings were signed and filed on June 13, 1925, and the appeal was taken on January 20, 1926. The defendant contends that the final judgment was rendered on April 22, and, pursuant to a long line of decisions, the appeal from the judgment must be dismissed. Counsel for the plaintiff concedes that an appeal taken solely from a judgment must be dismissed if not taken within six months from the date of rendition. He says, however, that this court in Central Trust Company of California v. Holmes Mining Company, 30 Nev. 437, 97 P. 390, expressed some dissatisfaction with the rule to the effect that the final judgment is of the date of its announcement in open court instead of when formal findings and judgment are signed and that we should now reverse the previous ruling of the court. For the reason given in the case mentioned, we deem it proper to adhere to the conclusions reached therein. We may say, however, that a contrary conclusion would not aid appellant, since the formal findings were filed more than six months prior to the taking of the appeal.

7. It is contended also that since a motion for a new trial was made and since there is an appeal from the order made thereon in apt time, jointly with an appeal from the judgment, the appeal from the judgment is timely though not within six months from the rendition of the judgment. In support of this contention counsel directs our attention to several sections, 386, 388, and 417 of our civil practice act (Rev. Laws, 5328, 5330, and 5359).

8, 9. The contention made is interesting and apparently made now for the first time in the history of the court. While it is interesting and not without some argument to support it, we do not feel that we can give it sanction. Section 5329, Rev. Laws (section 389, civil practice act), clearly provides that an appeal from a final judgment must be taken within six months. To obviate the force and effect of this statute even by a subsequent act, it must clearly appear that it was the intention of the latter act to modify the former. At

least they must be so inconsistent as to be clearly in conflict. Of course when two sections or two acts are in pari materia they must be harmonized. But we can find nothing in the sections mentioned indicating an intention to modify section 5329, Rev. Laws, relative to appeal from judgments. True it is that section 5330, Rev. Laws (section 388, civil practice act), provides that:

"When the appeal is from the judgment and from an order denying a motion for a new trial, one notice of appeal so specifying shall be sufficient."

10. Such joint appeal can be taken when the order denying the motion for a new trial is entered at such a time within six months from the rendition of the judgment as will enable the taking of both appeals at the same time, as generally happens, but we do not understand that one notice of appeal will suffice when the order on motion for a new trial is not disposed of within time to permit such joint appeals. No such intention is anywhere manifested. This court has repeatedly held that repeals by implication are not favored, and the presumption is always against the intention to repeal where express terms are not used. State v. Donnelly, 20 Nev. 214, 19 P. 680.

For the reasons given, it is ordered that the appeal from the judgment be dismissed. The motion to dismiss the appeal from the order entered on the motion for a new trial is denied.

### ON PETITION FOR REHEARING

December 1, 1927.

*Per Curiam:*

Rehearing denied.