JOHN H. KENNEY, COMPLAINANT, *v.* JOHN I. HICKEY, RESPONDENT.

No. 3312

August 27, 1940.                    105 P. (2d) 192.

James *T. Boyd, Geo. S. Green, Jr.,* and *John P. Thatcher,* for Appellant.

*Springmeyer & Thompson,* for Respondent.

## OPINION

By the Court, DUCKER, J.:

This is a motion to dismiss an appeal from a judgment dismissing the proceeding brought by the complainant, John J. Kenney, to remove respondent from his office as Trustee of Washoe County General Hospital of Washoe County. The grounds for the motion are as follows:

"1. That appellant is not a party aggrieved by the judgment appealed from and is not entitled to appeal from said judgment under the laws of the State of Nevada;

"2. That the judgment appealed from is final and absolute and is not subject to review by appeal to the supreme court of the State of Nevada, the statutes of the State of Nevada not having provided for an appeal from such a judgment by one in the position of appellant."

██ As the first ground is well taken, we need not discuss or pass upon the second. No one but an aggrieved

party may appeal under our statute. It does not result, as complainant contends, that because he has been given the right by statute (sec. 4861 N. C. L.) to initiate the proceedings, his right to appeal necessarily follows. The mere fact that a party could properly arouse the jurisdiction of the court below does not establish his right to appeal from an adverse decision. 88 A. L. R. 1159. Section 9385.57 N. C. L. provides: "7. Any party aggrieved may appeal in any action, case or proceeding prescribed in this act. The party appealing shall be designated as the appellant, and the adverse party as the respondent."

■ Appeals are purely statutory. The question presented, therefore, is whether complainant is an aggrieved party within the meaning of the quoted section.

■ By the great weight of authority, an aggrieved party under statutes granting to such the right of appeal from an order or judgment, is one whose personal right is injuriously affected by the adjudication, or where the right of property is adversely affected or divested thereby. Hornbeck et al. v. Richards, 80 Mont. 27, 257 P. 1025; Appeal of Cummings, 126 Me. 111, 136 A. 662; Williams v. Rice, Sup., 201 N. Y. S. 43; Standard Oil Co. of New York v. Board of Purification of Waters, 43 R. I. 336, 111 A. 887; Glos v. People, 259 Ill. 332, 102 N. E. 763, Ann. Cas. 1914C, 119; Ruff v. Montgomery, 83 Miss. 185, 36 So. 67; McMahan v. Ruble, 135 Ark. 83, 204 S. W. 746; Tillinghast v. Brown University, 24 R. I. 179, 52 A. 891, and cases cited in the opinion; McKenna v. McKenna, 29 R. I. 224, 69 A. 844, 845.

"The rule generally adopted," says the court in the last cited case, quoting approvingly, "in construing statutes on this subject, is that a party is aggrieved by the judgment or decree when it operates on his rights of property or bears directly upon his interest. 2 Cyc. 633. The word 'aggrieved' refers to a substantial grievance, a denial of some personal or property right, or

the imposition upon a party of a burden or obligation."

This statement of the general rule was approved by the court in Kondas v. Washoe County Bank, 50 Nev. 181, 254 P. 1080. In Esmeralda County v. Wildes, 36 Nev. 526, 137 P. 400, the court, in construing section 5327 of the Revised Laws of Nevada, identical with section 9385.57, supra, was of the opinion that the word "aggrieved" in the statute refers to a substantial grievance. The receiver was held not entitled to appeal.

■ It is plain that under the general rule of construction recognized and declared by this court, complainant is not an aggrieved person within the meaning of the statute, and therefore has not clothed this court with jurisdiction to review the proceedings.

His status is nothing more than a dissatisfied party. It does not appear that he might be remotely interested as a taxpayer, if such were entitled to appeal herein, which we do not decide.

As stated in 2 Amer. Jur. p. 943, section 152: "In addition to the requirement of a substantial interest in the subject matter of the litigation, it is essential, in order that a person may appeal * * * that he shall be aggrieved or prejudiced by the judgment or decree. Appeals are not allowed for the purpose of settling abstract questions, however interesting or important to the public generally, but only to correct errors injuriously affecting the appellant. * * * Persons aggrieved, in this sense, are not those who may happen to entertain desires on the subject."

The most that appears in this proceeding is that complainant desires to appeal. It is not enough. While a case might arise which would impel this court to the belief that a broader construction than that comprehended in the general rule we have stated would more nearly reflect the intention of the legislature, the complainant is not in such a class. The appeal should be dismissed.

It is so ordered.