NEVADA LAND AND MORTGAGE COMPANY, A DISSOLVED CORPORATION, HUGH E. TAYLOR, PHIL KAHN AND RALPH DYMOND, APPELLANTS, *v.* FRANK W. LAMB, RESPONDENT.

No. 7382

July 3, 1974          524 P.2d 326

*Morse, Foley and Wadsworth,* of Las Vegas, for Appellants.

*Beckley, Singleton, DeLanoy & Jemison, Chartered,* of Las Vegas, for Respondent.

## OPINION

By the Court, ZENOFF, J.:

Nevada Land and Mortgage Company, a corporation now dissolved, acknowledged that it was indebted to Frank Lamb for the sum of $15,083.87. Although recognizing its obligation to pay Lamb, the corporation through its officers and directors without making payment or arrangements therefore transferred the bulk of its assets to Leroy Corporation in exchange for 36,158 shares of Leroy's stock which were then distributed to Nevada Land and Mortgage stockholders.

The distribution of the stock to the stockholders took place either in July or August of 1965. The corporation resolution to do so was enacted on June 28, 1965. The evidence indicates that the point when the assets of Nevada Land and Mortgage were insufficient to pay Lamb's debt was between July 9, 1965 and August 21, 1965. On August 21, 1965 the board of directors of Nevada Land and Mortgage resolved to dissolve the corporation.

Appellants Dymond, Kahn and Taylor received Leroy stock from the distribution to the stockholders of Nevada Land and Mortgage.

The trial court found that the action of the officers and directors of Nevada Land and Mortgage in distributing the assets of the corporation among the stockholders without making provision for payment to Lamb violated their duties as trustees of the dissolved corporation and adjudged them personally liable for the corporate debt to Lamb.

1. As their principal claim of error appellants contend that the action is barred by NRS 78.300, the three-year limitation

period for actions to recover for unlawful payment of dividends.[1] They are in error. The controlling period is four years. NRS 11.220.[2] This is an action against directors as trustees of a dissolved corporation who distributed proceeds from the sale of the company's property without providing for the payment of a creditor. It is not, as appellants claim, an action to recover unlawful dividends paid out of capital of a going concern. Beatty v. Patterson-Garfield-Lodi Bus Co., 9 A.2d 686 (N.J. Eq. 1939). This state contemplated the distinction by its separate statutory sections relating to liability for the unlawful payment of dividends (NRS 78.300) and the liability of directors of a dissolved corporation to unpaid creditors. (NRS 78.595.)[3] Cf. Calkins v. Wire Hardware Co., 165 N.E. 889 (Mass. 1929); King v. Coosa Valley Mineral Products Co., 215 So.2d 275 (Ala. 1968).

If corporate officers divide the assets among stockholders when the corporation is insolvent or where the corporation is thereby rendered insolvent, such officers are personally liable

---

[1] NRS 78.300   Liability of directors for unlawful payment of dividends; exoneration from liability.

1.   The directors of a corporation shall not make dividends or other distributions to stockholders except as provided by this chapter.

2.   In case of any willful or negligent violation of the provisions of this section, the directors under whose administration the same may have happened, except those who may have caused their dissent therefrom to be entered upon the minutes of the meeting of the directors at the time, or who not then being present shall have caused their dissent therefrom to be entered on learning of such action, shall jointly and severally be liable, at any time within 3 years after each such violation, to the corporation, and, in the event of its dissolution or insolvency, to its creditors at the time of the violation, or any of them, to the lesser of the full amount of the dividend made or of any loss sustained by the corporation by reason of such dividend or other distribution to stockholders.

[2] NRS 11.220   Action for relief not hereinbefore provided for.   An action for relief, not hereinbefore provided for, must be commenced within 4 years after the cause of action shall have accrued.

[3] NRS 78.595   Trustees of dissolved corporation: Authority to sue and be sued; joint and several responsibility.   The persons constituted trustees as provided in NRS 78.590 shall have authority to sue for and recover the debts and property therein mentioned, by the name of the trustees of the corporation, describing it by its corporate name, and shall be suable by the same name for the debts owing by the corporation at the time of its dissolution, and shall be jointly and severally responsible for such debts, to the amounts of the moneys and property of the corporation which shall come into their hands or possession.

for the corporation's debts, or at least to the extent of the amount of assets received by them. 3 Fletcher Cyclopedia Corporations § 1186, pp. 899–900 (Rev'd Vol. 1965); Gaskins v. Bonfils, 79 F.2d 352 (10th Cir. 1935); cf. Realty Exchange Corp. v. Cadillac Land & Dev. Co., 475 P.2d 522 (Ariz.App. 1970).

2. Appellants contend also that the period of limitations of NRS 11.190(3)(a) applies and that this action is barred because it was not brought within three years.[4] The liability is not one created by statute. Gonzales v. Pacific Fruit Express Co., 99 F.Supp. 1012 (Nev. 1951). The lower court correctly applied NRS 11.220 providing for the four-year period.

3. Appellants also urge the doctrine of laches, but the strong circumstances needed to warrant reliance upon laches were not shown. Lanigir v. Arden, 82 Nev. 28, 409 P.2d 891 (1966).

4. Another question is whether the trial court erred in imposing individual liability on the appellants. In Nevada the directors of a dissolved corporation become trustees. NRS 78.590(1).[5] Where at the time of dissolution, the corporation has outstanding debts, the directors are jointly and severally liable for such debts to the extent of corporate property which comes into their possession. NRS 78.595. In spite of Lamb's repeated demands for payment, the appellants, officers and directors of Nevada Land and Mortgage, distributed the stock of Leroy Corporation among the stockholders of Nevada Land and Mortgage and thereafter dissolved the corporation. The distribution rendered Nevada Land and Mortgage insolvent. Appellants' liability has been clearly established under NRS 78.595. See also King v. Coosa Valley Mineral Products Company, supra; Turp v. Dickinson, 134 A. 888 (N.J.Eq. 1926).

---

[4]NRS 11.190(3)  Within 3 years:

(a) An action upon a liability created by statute, other than a penalty or forfeiture.

[5]NRS 78.590  Directors to be trustees of dissolved corporation: Powers.

1. Upon the dissolution of any corporation under the provisions of NRS 78.580, or upon the expiration of the period of its corporate existence, limited by its certificate or articles of incorporation, the directors shall be trustees thereof, with full power to settle the affairs, collect the outstanding debts, sell and convey the property, real and personal, and divide the moneys and other property among the stockholders, after paying or adequately providing for the payment of its liabilities and obligations.

5. It is also claimed that the trial court granted relief against persons who were not parties to this action, never served with process and who did not appear before the court. The reference is, of course, to the assessment of the other stockholders of Nevada Land and Mortgage not involved in this action. However, an appeal is available only to an aggrieved party. Kenney v. Hickey, 60 Nev. 187, 105 P.2d 192 (1940). Appellants are without standing to raise this issue.

The findings of the trial court are supported by the record. This appeal indicates that relief to the respondent in some measure toward his attorney's fees is warranted. He shall be paid the sum of $500.00 in addition to interest and his costs. NRAP 38.

Affirmed.

THOMPSON, C. J., and MOWBRAY, GUNDERSON, and BAT-JER, JJ., concur.