IN THE MATTER OF THE ESTATE OF HOWARD ROBARD HUGHES, JR., DECEASED, MINORS AND ABSENT HEIRS, APPELLANTS, v. FIRST NATIONAL BANK OF NEVADA AND WILLIAM R. LUMMIS, CO-SPECIAL ADMINISTRATORS, AND TEXAS COMMERCE BANK NATIONAL ASSOCIATION, RESPONDENTS.

No. 10292

February 7, 1980                    605 P.2d 1149

*George M. Dickerson* and *Charles William Johnson,* Las Vegas, for Appellants.

*Morse-Foley,* Las Vegas; *Andrews, Kurth, Campbell & Jones,* Houston, Texas, and *Derelle L. Norwood,* Las Vegas, for Respondents Co-Special Administrators.

*Deaner, Deaner & Reynolds,* Las Vegas, for Respondent Texas Commerce Bank National Association.

## OPINION

By the Court, GREGORY, SR. D. J.:[1]

This appeal arises from an order approving Texas Commerce Bank's creditor's claim.

During his lifetime Howard Robard Hughes, Jr., executed a promissory note in the sum and amount of $3,000,000 due and payable on December 31, 1976, to the order of Texas Commerce Bank. On April 5, 1976, Howard Robard Hughes, Jr., died in the State of Texas.

Probate proceedings were commenced in Texas as well as Nevada. The Texas Commerce Bank caused a claim for the promissory note to be filed against the Hughes' estate in the Texas probate court on September 20, 1976, and obtained an order of that court approving the claim on January 17, 1977. The First National Bank of Nevada and William Lummis were appointed Co-Special Administrators of decedent's estate in the Nevada proceeding, and Notice to Creditors was first published on July 3, 1976, pursuant to NRS 147.010.[2]

On April 7, 1977, Texas Commerce Bank moved the Nevada probate court for leave to file a late creditor's claim. Following a hearing the Nevada court granted leave to file a late claim pursuant to NRS 147.040(2) on May 12, 1977.[3] Subsequently, the representatives of the minor and absent heirs were granted

---

[1]ACTING CHIEF JUSTICE GORDON THOMPSON designated Honorable Frank B. Gregory, Senior District Judge of Nevada Court System, to sit in this case in place of THE HONORABLE JOHN MOWBRAY, Chief Justice, who voluntarily disqualified himself. Nev. Const. art. 6, § 19; SCR 10.

[2]The 90 day period, provided under NRS 147.040(1), during which creditors could file claims expired on October 1, 1976.

[3]Nevada's nonclaim statute, NRS 147.040(2), provides:

"If a claim is not filed with the clerk within 90 days after the first publication of the notice, the claim shall be forever barred; but when it is made to appear, by the affidavit of the claimant or by other proof to the satisfaction of the court or judge, that the claimant had no notice as provided in this chapter, the claim may be filed at any time before the filing of the final account."

a rehearing, and thereafter on June 10, 1977, the Nevada court set aside its earlier decision allowing the filing of the late claim. Finally, after a second rehearing and having received the affidavit of Stephen D. Bunten of the Texas Commerce Bank, the Nevada court reversed itself for a second time and on July 6, 1977, allowed Texas Commerce Bank to file its late claim for the $3,000,000 promissory note. *See* Gardner Hotel Sup. v. Estate of Clark, 83 Nev. 388, 432 P.2d 495 (1967).

The instant claim was approved by the Co-Special Administrators on July 8, 1977, and by the Nevada court on July 11, 1977. The representatives for the minor and absent heirs received notice of these approvals on September 21, 1977, and timely filed Notice of Appeal on October 4, 1977. Respondents moved this court to dismiss the instant appeal on the ground that appellants are not aggrieved parties, and thus lack standing. The motion to dismiss was denied, without opinion on July 11, 1979.

We have determined to reconsider whether appellants are aggrieved parties within the meaning of NRAP 3A(a).

Only an aggrieved party has standing to appeal to this court. NRAP 3A(a); In re Ray's Estate, 68 Nev. 355, 233 P.2d 393 (1951); Kenney v. Hickey, 60 Nev. 187, 105 P.2d 192 (1940); Kondas v. Washoe County Bank, 50 Nev. 181, 254 P. 1080 (1927). We have held that a party is aggrieved by the action of a probate court when either a personal right or right of property is adversely and substantially affected. In re Ray's Estate, *supra; see also* Bates v. Nevada Savings and Loan Assn., 85 Nev. 441, 456 P.2d 450 (1969); Nevada Land & Mortgage Co. v. Lamb, 90 Nev. 247 524 P.2d 326 (1974).

The appellants—the minor and absent heirs—must be *parties aggrieved* by the probate court's approval of the claim of Texas Commerce Bank against Hughes' estate, to have standing to justify the appeal. They must be actual, existing parties, not mere figments of an overly zealous imagination. *See* NRCP 17(a). In this matter, the probate court after due consideration, on November 13, 1978, found that no such unrepresented heirs exist, and accordingly entered an order vacating the appointment of attorneys to represent the minor and absent heirs. There has been no showing that the court abused its discretion in reaching this conclusion, nor has this order been successfully attacked. In fact, no appeal was taken from this order. *See* NRS 155.190(11). It follows, that appellants, who are only "non-existent heirs", are not parties pursuant to NRCP 17(a)

and therefore cannot be aggrieved by the approval of the claim of Texas Commerce Bank. Cf. Miller v. Clark, 356 P.2d 965 (Colo. 1960). The appellants are not aggrieved parties, and the instant appeal must therefore be dismissed.

Since we are compelled to dismiss this appeal because of appellants' lack of standing we do not reach the question of whether the Nevada probate court abused its discretion in either permitting the late filing of the claim or in the subsequent approval of such claim, nor do we consider the question whether the approval of the claim is an appealable order.

Accordingly, we vacate our prior order and dismiss the appeal.

THOMPSON, GUNDERSON, MANOUKIAN, and BATJER, JJ., concur.