IN THE UTAH COURT OF APPEALS

----ooOoo----

| | | |
|---|---|---|
| State of Utah, in the interest of J.S., C.S., G.S., and D.S., persons under eighteen years of age.<br><br>_____ | ) ) ) ) ) ) | PER CURIAM DECISION<br><br>Case No. 20111058-CA |
| B.S. and J.S.,<br><br>     Appellants,<br>v.<br><br>State of Utah,<br><br>     Appellee. | ) ) ) ) ) ) ) ) ) ) | F I L E D<br>(February 16, 2012)<br><br>2012 UT App 39 |

-----

Seventh District Juvenile, Price Department, 1040774
The Honorable Scott N. Johansen

Attorneys:     Samuel P. Chiara and Don M. Torgerson, Price, for Appellants
             Mark L. Shurtleff and Carol L.C. Verdoia, Salt Lake City, for Appellee
             Martha Pierce, Salt Lake City, Guardian ad Litem

-----

Before Judges McHugh, Davis, and Roth.

¶1     B.S. and J.S. (Parents) appeal the juvenile court's November 17, 2011 order terminating their parental rights. We affirm.

¶2     Parents assert that the juvenile court erred in the permanency order that placed the children with foster parents instead of Parents' relatives. Parents also assert that there was insufficient evidence presented during the permanency hearing to allow the juvenile court to appropriately resolve the placement considerations. In response to the

Parents' petition on appeal, the State and the Guardian ad Litem assert that Parents lack standing to pursue these issues on appeal.

¶3     In order to establish standing to challenge the permanency order:  (1) the party challenging the order must have a legally protected interest in the controversy; (2) no other person can have a greater interest in the issue than that party, and the issue must be unlikely to be raised at all if standing is denied; or (3) the issues raised by the party are of great public importance and ought to be judicially resolved.  *See In re M.W.,* 2000 UT 79, ¶ 12 P.3d 80.

¶4     Parents do not challenge the juvenile court's determination that there were sufficient grounds to terminate their parental rights.  As a result of the termination of their parental rights, Parents are unable to demonstrate that they have a legally protected interest in the children's custody.  With regard to the second consideration to establish standing, Parents' relatives have a greater interest in the juvenile court's determination than Parents.  Parents' relatives did not seek to intervene or challenge the juvenile court's decision.  Moreover, Parents concede that "[o]nly the 'public importance' measure of standing applies to [Parents] in this case."

¶5     Parents assert that the juvenile court erred in its application of their relatives' preferential consideration under Utah Code section 78A-6-307.  Parents also assert that this issue is of great public importance that ought to be judicially resolved.  Section 78A-6-307(9) provides that subject to subsections 78A-6-307(18)(c) through (e), preferential consideration shall be given to a relative's request for placement of the children, so long as it is in the best interests of the children.  *See* Utah Code Ann. § 78A-6-307(9).  Subsection 78A-6-307(18)(c)(ii) governs the relatives' order of preference to be considered when determining the person with whom the children will be placed.  *See id.* § 78A-6-307(18)(c)(ii).

¶6     The best interests of the children is of paramount importance, and the best interests analysis is a factually intensive inquiry that is particularized to the unique circumstances of each child welfare case.  Although Parents challenge the juvenile court's application of this statute to their particular case, Parents do not demonstrate systemic problems with the statute rising to the level of "great public importance."

¶7    Accordingly, Parents' appeal is dismissed for lack of standing.


_____

Carolyn B. McHugh,
Presiding Judge



_____

James Z. Davis, Judge



_____

Stephen L. Roth, Judge