# IN THE SUPREME COURT OF THE STATE OF NEVADA

LAS VEGAS JUSTICE COURT; AND
DIANA L. SULLIVAN, JUSTICE OF
THE PEACE,

                Appellants,

vs.

THE STATE OF NEVADA,

                Respondent.

No. 67209

**FILED**

MAR 2 1 2016

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER GRANTING MOTION TO DISMISS APPEAL

This is an appeal from a district court order granting respondent's petition for a writ of mandamus and directing the justice court to file a third amended complaint in an underlying criminal case. Eighth Judicial District Court, Clark County; Carolyn Ellsworth, Judge.

Respondent has filed a motion to dismiss this appeal based on, among other things, a contention that appellants are not aggrieved by the order challenged on appeal and thus lack standing to appeal. Appellants have filed an opposition and respondent has replied. Having considered these filings, we agree with respondent.

Only an aggrieved party may appeal. NRAP 3A(a); *Valley Bank of Nevada v. Ginsburg*, 110 Nev. 440, 446, 874 P.2d 729, 734 (1994). A party is aggrieved "'when either a personal right or right of property is adversely and substantially affected' by a district court's ruling." *Valley Bank*, 110 Nev. at 446, 874 P.2d at 734 (quoting *Estate of Hughes v. First Nat'l Bank*, 96 Nev. 178, 180, 605 P.2d 1149, 1150 (1980)). The personal or property rights of appellants were not affected by the district court's order. And we decline appellants' invitation to adopt foreign authority holding that a lower court has standing to challenge a decision that affects the validity of its procedures. Therefore, we conclude that appellants are

not "aggrieved" such that they have standing to appeal the district court's order[1] and we

ORDER this appeal DISMISSED.

_____ , J.
Douglas

_____ , J.
Gibbons

cc:     Hon. Carolyn Ellsworth, District Judge
        Joseph A. Tommasino
        Attorney General/Carson City
        Clark County District Attorney
        Eighth District Court Clerk

---

[1]Given this conclusion, we decline to address respondent's remaining contentions.

CHERRY, J., dissenting:

I disagree with the majority and would accept appellants' invitation to adopt foreign authority holding that a lower court has standing to challenge a decision that affects the validity of its procedures.

I congratulate Justice of the Peace Diana L. Sullivan in her now unsuccessful but gallant attempt to stop "Judge shopping" in the Las Vegas Justice Court.

This case illustrates an obvious attempt by the State to avoid the random assignment of criminal cases in the Las Vegas Justice Court.

For the above reasons I respectfully dissent.

_____, J.
Cherry