133 Nev., Advance Opinion 97

IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| IN THE MATTER OF THE PARENTAL RIGHTS AS TO T.L., MINOR CHILD. | No. 72563 |

TONYA M.,
Appellant,
vs.
WASHOE COUNTY DEPARTMENT OF
SOCIAL SERVICES,
Respondent.

**FILED**

DEC 07 2017

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY
CHIEF DEPUTY CLERK

Appeal from a district court order terminating appellant's parental rights as to a minor child. Second Judicial District Court, Family Court Division, Washoe County; Egan K. Walker, Judge.

*Dismissed.*

Jeremy T. Bosler, Public Defender, and John Reese Petty, Chief Deputy Public Defender, Washoe County,
for Appellant.

Christopher J. Hicks, District Attorney, and Jeffrey S. Martin, Chief Deputy District Attorney, Washoe County,
for Respondent.

---

BEFORE HARDESTY, PARRAGUIRRE and STIGLICH, JJ.

*OPINION*

By the Court, STIGLICH, J.:

In this appeal we consider a parent's standing to challenge the court's placement decision following the termination of her parental rights where the parent entered into a stipulation agreeing to the termination of

 

17-42107

her parental rights but reserving the right to participate in a contested pre-termination hearing regarding the child's placement. We conclude that, because the parent no longer has parental rights as to the minor child and does not challenge the termination of those rights, she lacks standing to challenge the district court's placement decision. We must therefore dismiss this appeal.

*FACTS AND PROCEDURAL HISTORY*

Respondent Washoe County Department of Social Services (WCDSS) sought to terminate appellant Tonya M.'s parental rights as to her minor child, who had already been removed from Tonya's care and was living with a foster family.[1] WCDSS later found a family that wanted to adopt the minor child, but Tonya wanted the child placed with a relative. Ultimately, WCDSS and Tonya entered into a stipulation wherein Tonya would be allowed to participate in the contested placement hearing, and, following that hearing, she would relinquish her parental rights. The stipulation further provided that if Tonya did not relinquish her parental rights following the contested placement hearing, the district court would enter an order, based on previous testimony, concluding that termination of Tonya's parental rights was in the minor child's best interest. Tonya also stipulated to waive any right to challenge the order terminating her parental rights.

Tonya participated in the contested placement hearing and testified in support of the child being placed with her relative. In its placement order, however, the district court declined to place the child with Tonya's relative and instead placed the child with the adoptive family.

---

[1]The father's parental rights have also been terminated and are not at issue in this appeal.

 

Thereafter, Tonya did not relinquish her parental rights, and the district court entered an order terminating her parental rights. This appeal followed.

## DISCUSSION

In her opening brief, Tonya challenges the district court's placement decision. She asserts that the district court failed to make the written findings of fact this court required in *Clark County District Attorney v. Eighth Judicial District Court*, 123 Nev. 337, 348, 167 P.3d 922, 929 (2007) (reviewing a placement decision for an abuse of discretion and holding that, "[i]n rendering its placement decision, the district court must make written findings with respect to any credibility issues and with regard to its ultimate conclusion regarding the child's best interest"). She does not challenge the stipulation or the district court order terminating her parental rights. WCDSS argues that Tonya lacks standing to challenge the placement decision because her parental rights have been terminated and, therefore, this case must be dismissed. Because appellate standing is required for this court to have jurisdiction to hear Tonya's argument, we address it first. *See Valley Bank of Nev. v. Ginsburg*, 110 Nev. 440, 446, 874 P.2d 729, 734 (1994) (addressing standing and holding that "this court has jurisdiction to entertain an appeal only where the appeal is brought by an aggrieved party" (emphasis omitted)).

*Standing to challenge the placement order*

Only "[a] party who is aggrieved by an appealable judgment or order" has standing to appeal to this court. NRAP 3A(a); *Estate of Hughes v. First Nat'l Bank of Nev.*, 96 Nev. 178, 180, 605 P.2d 1149, 1150 (1980). In order to be aggrieved, "'either a personal right or right of property [must be] adversely and substantially affected' by a district court's ruling." *Ginsburg*, 110 Nev. at 446, 874 P.2d at 734 (quoting *Estate of Hughes*, 96 Nev. at 180,

605 P.2d at 1150). The grievance must be substantial in that the district court's decision imposes an injustice, or illegal obligation or burden, on the party, or denies the party an equitable or legal right. *Webb v. Clark Cty. Sch. Dist.*, 125 Nev. 611, 617, 218 P.3d 1239, 1244 (2009). For the reasons discussed below, we conclude that Tonya lacks standing to challenge the placement decision.

*Tonya's parental rights have been terminated*

In this case, the right that Tonya implicitly asserts was substantially affected by the district court's ruling is her parental right to participate in "the companionship, care, custody[,] and management" decisions related to her child's upbringing. *In re Parental Rights as to M.F.*, 132 Nev., Adv. Op. 19, 371 P.3d 995, 998 (2016) (quoting *Stanley v. Illinois*, 405 U.S. 645, 650-51 (1972), for the proposition that a parent's interest in his or her child's upbringing is important and "undeniably warrants protection"). As WCDSS argues, however, Tonya acquiesced to the termination of those rights. Indeed, not only did Tonya enter into a stipulation wherein she agreed to the termination of her parental rights and waived her right to challenge that termination, she also explicitly stated in her briefs on appeal that she "is not contesting the termination order." By not raising any challenge to the termination of her parental rights, she has waived such a challenge and the parent-child relationship has been severed. *See Powell v. Liberty Mut. Fire Ins. Co.*, 127 Nev. 156, 161 n.3, 252 P.3d 668, 672 n.3 (2011) (arguments not raised in an opening appellate brief are waived); *In re Parental Rights as to N.D.O.*, 121 Nev. 379, 384, 115 P.3d 223, 226 (2005) (characterizing the termination of parental rights as a civil penalty that "severs the parent-child relationship"). Thus, we conclude that Tonya's parental rights have clearly been terminated.

*Tonya lacks standing to challenge the district court's placement order*

Having concluded that Tonya's parental rights have been terminated, we now turn to the district court's placement decision. WCDSS argues that because Tonya's parental rights have been terminated, she no longer has any substantial interest that could be affected by the court's placement decision. We agree.

In the stipulation, Tonya acquiesced to the termination of her parental rights. A stipulation is no different from a contract in that the parties can bargain for or waive specific rights. *See Grisham v. Grisham*, 128 Nev. 679, 685, 289 P.3d 230, 234-35 (2012) (providing that a stipulation in a family law case is treated as a contract subject to general contract principles). In this case, Tonya failed to bargain to retain her right to challenge the termination decision and, in fact, did not raise any argument against the termination of her parental rights in her briefs to this court. By acquiescing to the termination of her parental rights in these regards, Tonya relinquished the only interest in her child that could render her aggrieved by the district court's order declining to place the child with her relative.[2]

---

[2]A stipulation could be crafted wherein the parent would only agree to the termination of her parental rights if the court placed the child with a relative. The stipulation before this court, however, contains no such conditional language. Rather, it provides that, in exchange for being allowed to participate in the placement hearing, Tonya would stipulate to the termination of her parental rights and also waive her right to challenge the termination of her parental rights. Tonya received exactly what she bargained for—she was allowed to participate in the contested placement hearing in support of placing her child with her relative, and her parental rights were terminated.

Other jurisdictions have come to similar conclusions. In California, a father appealed the district court's decision declining to place the child with the father's relative. *In re K.C.*, 255 P.3d 953, 954 (Cal. 2011). The father did not, however, challenge the district court's decision to terminate his parental rights. *Id.* at 956. By failing to challenge the termination of his parental rights, the California court concluded that the father had "no remaining, legally cognizable interest in [the child's] affairs, including his placement." *Id.*; *see also Cesar V. v. Superior Court*, 111 Cal. Rptr. 2d 243, 251-52 (Ct. App. 2001) (concluding that a father lacked standing to appeal a placement decision because he had stipulated to the termination of his right to reunify with his minor child, and thus he no longer had an interest that was affected by the placement decision). A Utah court rendered a similar decision when parents attempted to challenge their children's placement with nonrelatives without also challenging the termination of their parental rights. *In the Interest of J.S.*, 272 P.3d 169, 170 (Utah Ct. App. 2012) ("Parents do not challenge the juvenile court's determination that there were sufficient grounds to terminate their parental rights. As a result of the termination of their parental rights, Parents are unable to demonstrate that they have a legally protected interest in the children's custody."); *accord In the Interest of D.B.*, 483 N.W.2d 344, 346 (Iowa Ct. App. 1992) (holding that because the mother did not challenge the termination of her parental rights on appeal, "she cannot be said to have been prejudiced or aggrieved by the placement order. A party who is not aggrieved by a judgment or other final ruling has no right to appeal."); *In re Adoption/Guardianship of L.B.*, 145 A.3d 655, 674 (Md. Ct. Spec. App. 2016) (holding that the termination of parental rights means "the parent has no standing to challenge future matters regarding the

child," but recognizing an exception when the parent challenges the termination of their parental rights on appeal); *Ryder v. State*, 917 S.W.2d 503, 505 (Tex. App. 1996) (holding that because the mother's parental rights had been terminated and she had not appealed that decision, she had no standing to appeal the outcome of a placement review hearing).[3] Based on the foregoing, we conclude that Tonya lacks standing to bring this appeal and it therefore must be dismissed.

*Our prior order denying writ relief did not confer standing on Tonya*

In attempting to refute WCDSS's standing argument, Tonya relies on this court's order that denied her previously filed petition for a writ of mandamus challenging the district court's placement decision because she had an adequate remedy in the form of a direct appeal from the final order adjudicating her parental rights. *See Tonya M. v. Second Judicial Dist. Court*, Docket No. 70931 (Order Denying Petition for Writ of Mandamus, September 16, 2016). Tonya now argues that if this court were to conclude that she lacked standing to challenge the placement decision, it would cause a "wonderland" result wherein she was not entitled to writ relief because she could pursue an appeal and she is not entitled to appellate relief because she lacks standing.

Tonya's reliance on our prior order denying writ relief is misplaced. To be entitled to the extraordinary remedy of writ relief, the

---

[3]Thus, even without the stipulation, the fact that Tonya failed to contest the termination in her briefs on appeal is fatal and would still prevent her from having standing to challenge the placement decision because her interest in her child's placement is born directly out of her overarching parental rights. *See K.C.*, 255 P.3d at 956 (recognizing that termination of parental rights also terminates the parent's interest in the child's placement).

party seeking relief must not have a "plain, speedy and adequate remedy in the ordinary course of law." NRS 34.330 (prohibition); *see also* NRS 34.170 (mandamus). Our prior order denying writ relief correctly concluded that Tonya had the right to appeal a final order terminating her parental rights, and therefore properly denied writ relief because an appeal is an adequate remedy in the ordinary course of the law. *See Rawson v. Ninth Judicial Dist. Court*, 133 Nev., Adv. Op. 44, 396 P.3d 842, 847 (2017) ("We have long held that the right to an appeal is generally a plain, speedy, and adequate remedy that precludes writ relief."). Entitlement to appellate relief, however, requires both standing and an appealable order. *See* NRAP 3A(a) (requiring both that the party appealing be aggrieved and that the order or judgment being challenged be appealable for an appeal to be taken). Our order denying writ relief merely referenced the latter requirement because an order terminating parental rights constitutes "[a] final judgment" that is appealable under NRAP 3A(b)(1), which in turn precludes writ relief. *See Tonya M.*, Docket No. 70931; *Rawson*, 133 Nev., Adv. Op. 44, 396 P.3d at 847-48. The prior order did not, and could not, address whether Tonya would have standing to bring a later appeal as that would depend on whether Tonya was aggrieved by the district court's ultimate decision. Accordingly, Tonya's argument in this regard fails.

Despite our conclusion that Tonya lacks standing to challenge the district court's placement decision because she acquiesced to the termination of her parental rights, we are concerned that the record does not reveal whether Tonya was informed of this possible consequence to her stipulation. We therefore encourage parties and counsel negotiating such stipulations to ensure that the parents are fully aware of the rights they are forgoing when they agree to terminate their parental rights.

## CONCLUSION

We conclude that Tonya lacks standing to challenge the district court's placement decision as to her minor child because she stipulated to the termination of her parental rights, waived her right to challenge the termination, and failed to challenge the stipulation and waiver on appeal. By acquiescing to the termination of her parental rights in those regards, Tonya no longer has any legal interest in her child's placement and cannot be aggrieved by the district court's placement decision. Accordingly, we dismiss this appeal.[4]

_____, J.
Stiglich

We concur:

_____, J.
Hardesty

_____, J.
Parraguirre

---

[4]Because we conclude that Tonya lacks standing, we cannot rule on her arguments regarding the district court's placement decision. Nevertheless, we observe that although the district court made oral findings at the hearing, the court's order lacked the written findings required by *Clark County District Attorney*, 123 Nev. at 348, 167 P.3d at 929 (requiring the district court to make written findings regarding the child's best interest and any credibility issues to support its placement decision).