ROBERTA CAPPETTA *v.* KENNETH CAPPETTA
(12330)

PETERS, C. J., HEALEY, SHEA, DANNEHY and SANTANIELLO, Js.

Argued March 5—decision released April 23, 1985

*Patricia Kaplan,* with whom was *Constance Frontis,* for the appellant (plaintiff).

*George R. Temple,* with whom, on the brief, was *Cecilia Wiederhold,* for the appellee (Frances Cappetta).

PETERS, C. J. The dispositive issue in this appeal is the extent of a parent's constitutional right to have notice that custody of her child may be awarded to a person who is not a party to the underlying proceedings. The plaintiff, Roberta Cappetta, brought an action for the dissolution of her marriage to the defendant, Kenneth Cappetta. In this action she sought various financial orders and custody of the parties' minor child. The trial court awarded the plaintiff alimony for two years, and a $500 property settlement, neither of which is presently in dispute. The trial court also decided that custody of the minor child should be awarded to the paternal grandmother, who was not a party to the dissolution action. The plaintiff has appealed the custody order.

The trial court in its memorandum of decision found the following facts. The plaintiff and the defendant were married in 1981 and their son was born in 1982. The plaintiff has a son by a prior marriage. The defendant lives with his parents whose home is substantial and comfortable. The paternal grandmother is not employed outside of the home and is in good health.

The trial court found that neither the plaintiff nor the defendant had the capacity to assume sole custody of their son. The court found that the defendant had abused both his stepson and his son and hence "cannot be trusted enough to be awarded custody . . . . " The court found that the plaintiff had violated a court order prohibiting visits of male friends and that, because the plaintiff "is immature, lacks judgment and has no respect for authority," she should not be awarded custody.

The trial court had received into evidence a family relations report, and heard testimony from its author, Domestic Relations Officer Allan Rubin. Rubin recommended that custody of the minor child be awarded to

the child's paternal grandmother for at least six months. The trial court followed this recommendation in its entirety and provided in its memorandum of decision that the grandmother's custody "shall be reviewed by Family Relations again after six months." In its judgment, however, the court awarded custody outright to the paternal grandmother.

The plaintiff's appeal raises three claims of error with respect to the judgment of the trial court.[1] She argues that the court: (1) lacked the statutory authority to award custody to someone who was not a party to the custody proceedings; (2) lacked the constitutional authority to award custody to someone whose interest in custody had not been properly noticed in the custody proceedings; and (3) abused its discretion in its award of custody to a person sharing a household with a child abuser. We agree that the trial court exceeded its authority in its custody order, and we therefore remand this case for a new trial, without reaching the issue of abuse of discretion.

I

The plaintiff's statutory claim is based upon the fact that the paternal grandmother never moved to become an intervening party at the trial of the dissolution action. Although our statutes confer upon the trial court the discretion to "assign the custody of any child to the parents jointly, to either parent or to a third party," the statutes also permit any third party interested in a custody dispute "to intervene upon motion." General

---

[1] The appellee is not the defendant but rather the paternal grandmother who was granted permission by this court to become an intervening party for the appeal.

Statutes §§ 46b-56, 46b-57.[2] The plaintiff maintains that these statutes, read together, constitute a legislative mandate requiring intervention as a prerequisite to the award of custody to a third party.

The plaintiff's argument relies in part upon our opinion in *Manter* v. *Manter,* 185 Conn. 502, 441 A.2d 146 (1981). There we addressed the right of a former adop-

---

[2] At the time of this cause of action, General Statutes §§ 46b-56 and 46b-57 provided in relevant part:

"[General Statutes] Sec. 46b-56. (Formerly Sec. 46-42). SUPERIOR COURT ORDERS RE CUSTODY AND CARE OF MINOR CHILDREN IN ACTIONS FOR DISSOLUTION OF MARRIAGE, LEGAL SEPARATION AND ANNULMENT. (a) In any controversy before the superior court as to the custody or care of minor children, and at any time after the return day of any complaint under section 46b-45, the court may at any time make or modify any proper order regarding the education and support of the children and of care, custody and visitation if it has jurisdiction under the provisions of chapter 815o. Subject to the provisions of section 46b-56a, the court may assign the custody of any child to the parents jointly, to either parent or to a third party, according to its best judgment upon the facts of the case and subject to such conditions and limitations as it deems equitable. The court may also make any order granting the right of visitation of any child to a third party including but not limited to grandparents.

"(b) In making or modifying any order with respect to custody or visitation, the court shall be guided by the best interests of the child, giving consideration to the wishes of the child if he is of sufficient age and capable of forming an intelligent preference, provided in making the initial order the court may take into consideration the causes for dissolution of the marriage or legal separation if such causes are relevant in a determination of the best interests of the child."

"[General Statutes] Sec. 46b-57. (Formerly Sec. 46-47). THIRD PARTY INTERVENTION RE CUSTODY OF MINOR CHILDREN. PREFERENCE OF CHILD. In any controversy before the superior court as to the custody of minor children, and on any complaint under this chapter or section 46b-1 or 51-348a, if there is any minor child of either or both parties, the court if it has jurisdiction under the provisions of chapter 815o, may allow any interested third party or parties to intervene upon motion. The court may award full or partial custody, care, education and visitation rights of such child to any such third party upon such conditions and limitations as it deems equitable. Before allowing any intervention, the court may appoint counsel for the child or children pursuant to the provisions of section 46b-54. In making any order under this section the court shall be guided by the best interests of the child, giving consideration to the wishes of the child if he is of sufficient age and capable of forming an intelligent preference."

tive father to intervene, for custody purposes, in dissolution proceedings involving his former wife when he was not a party to those proceedings and they had previously been concluded. We held that there had been no abuse of discretion in the denial of his motion to intervene since the controversy between the underlying parties had been resolved. Id., 505–507. We indicated, however, that the movant's status as a former adoptive parent would not otherwise have been a disqualification automatically barring him from custody in an appropriate case. We noted, therefore, that our decision was not to be read "to prejudge future interpretations of the phrase 'interested third party' under § 46b-57 where the controversy requirement is met and the trial court finds a prospective intervenor to have a significant concern for the welfare of the child." Id., 508.

*Manter* v. *Manter,* like the text of the governing statutes, suggests that orderly adjudication of the custody claims of nontraditional parties is best managed by having such claimants become party intervenors at the earliest possible appropriate time. A preference for formal intervention recognizes that parents have significant constitutionally protected rights to the companionship, care, custody and management of their children. See *Quilloin* v. *Walcott,* 434 U.S. 246, 255, 98 S. Ct. 549, 54 L. Ed. 2d 511, reh. denied, 435 U.S. 918, 98 S. Ct. 1477, 55 L. Ed. 2d 511 (1978); *Stanley* v. *Illinois,* 405 U.S. 645, 651, 92 S. Ct. 1208, 31 L. Ed. 2d 551 (1972); *McGaffin* v. *Roberts,* 193 Conn. 393, 400–401, 479 A.2d 176 (1984), cert. denied,      U.S.     , 105 S. Ct. 1747, 84 L. Ed. 2d 813 (1985). Nonetheless, *Manter* v. *Manter* did not hold, and we do not now hold, that formal intervention is in every case a sine qua non to a valid order of custody. The overarching concern of the search for the best interests of the child may, in some cases, permit a court to award custody to a third person who is

not a party if, even without formal intervention, that person's potential custodial status was properly before the court. We therefore reject the plaintiff's claim that the trial court's order necessarily violated the statutory mandate of §§ 46b-56 and 46b-57.

## II

The plaintiff's alternate challenge to the authority of the trial court to award custody to the paternal grandmother rests on due process grounds. The plaintiff claims that she had no notice, at trial, that custody might be awarded to someone other than the plaintiff or the defendant. She maintains, further, that she was judicially foreclosed from presenting evidence concerning the suitability of the paternal grandmother as a custodian for her child. In these circumstances, she asserts that the trial court's award of custody was constitutionally impermissible because it violated her due process rights to fair notice and a reasonable opportunity to be heard. See *Strohmeyer* v. *Strohmeyer*, 183 Conn. 353, 356, 439 A.2d 367 (1981).

The record substantiates the factual assertions that underlie the plaintiff's claim. On every occasion on which the defendant at trial stated his position on the question of custody, he unconditionally sought custody for himself. On the opening day of the hearing, defense counsel indicated that he was asking for custody for the defendant. In examining the defendant, defense counsel inquired of him, "Why do you want this Court to award you custody of your child?" In closing argument, defense counsel requested that the court award custody "to Mr. Cappetta." When the paternal grandmother was testifying as the defendant's witness, although no express claim for custody on her behalf had been made, the plaintiff sought to cross-examine her about her parenting skills. The defendant objected to this line of questioning, and the trial court sustained

the objection. Despite a reminder from the plaintiff's counsel that the family relations report would be introduced into evidence by the defendant and that its recommendation of custody to the paternal grandmother therefore made her parental care an issue in the case, the court stated that it would not listen to evidence of the paternal grandmother's conduct.

Against this record, the defendant relies on the fact of the plaintiff's access to the family relations report as itself sufficient to put the plaintiff on notice that the trial court would necessarily have to consider the possibility of following the report's recommendation of an award of custody to the paternal grandmother. In some circumstances, this argument might well be persuasive, but it cannot prevail here in light of the defendant's consistent insistence that he sought custody only for himself and the trial court's ruling, in response to the defendant's objection, that forbade all inquiry into the custodial qualifications of the paternal grandmother.

Notice of the identity of those who are the contenders for the custody of a child is not a mere formality. The award of custody requires the trial court to make difficult and sensitive inquiries into the relationships between adults and children. In the search for an appropriate custodial placement, the primary focus of the court is the best interests of the child, the child's interest in sustained growth, development, well-being, and in the continuity and stability of its environment. See General Statutes §§ 46b-56, 46b-57; *McGaffin* v. *Roberts,* supra, 405–407; *Yontef* v. *Yontef,* 185 Conn. 275, 283, 440 A.2d 899 (1981); Atkinson, "Criteria for Deciding Child Custody in the Trial and Appellate Courts," 18 Fam. L.Q. 1, 4 n.6 (1984); Leonard & Provence, "The Development of Parent-Child Relationships and the Psychological Parent," 53 Conn. B.J. 320, 321–22, 328–29 (1979). Such a search requires the court to afford all interested parties an opportunity for a

hearing concerning the qualifications of each person who is or may be a candidate for custody. It is essential to inquire into each person's parenting skills as well as his or her relationship with the child. As we held in *Strohmeyer* v. *Strohmeyer,* supra, 356, before a parent is permanently deprived of the custody of a child, "the usual and ordinary procedures of a proper and orderly hearing must be observed." The absence of such a hearing in this case means that the award of custody to the paternal grandmother must be set aside.

The trial court's memorandum of decision indicates that the award of custody to the paternal grandmother reflects its conclusion that neither of the child's parents was fit to be his custodian. We need not review the merits of this conclusion since the case must be remanded for further trial court proceedings.[3] At that time the trial court will have access to further information about the parents' relationship to the child during the period of the pendency of this appeal. It may, however, be useful to add a cautionary note that this court has consistently rejected "any presumption that a parent's lifestyle necessarily has an adverse effect on a child." *Yontef* v. *Yontef,* supra, 283; *Gallo* v. *Gallo,* 184 Conn. 36, 42, 440 A.2d 782 (1981); see also *Bezio* v. *Patenaude,* 381 Mass. 563, 578–79, 410 N.E.2d 1207 (1980); *In re Custody of Temos,* 304 Pa. Super. 82, 103–104, 108–109, 450 A.2d 111 (1982); *Sparks* v. *Sparks,* 29 Utah 2d 263, 264–65, 508 P.2d 531 (1973); *Doe* v. *Doe,* 222 Va. 736, 746–48, 284 S.E.2d 799 (1981).

There is error, the judgment of the trial court is set aside and the case is remanded for a new trial on the issue of custody.

In this opinion the other judges concurred.

---

[3] On remand, the trial court should seriously consider the desirability of appointing independent counsel for the child. See *Yontef* v. *Yontef,* 185 Conn. 275, 284, 440 A.2d 899 (1981).