## Lisa Ann Perez *v.* Orlando Perez, Jr.
### (4278)

Borden, Spallone and Bieluch, Js.

Argued May 6—decision released July 8, 1986

*Charles A. Maglieri,* for the appellant (plaintiff).

*Louis Kiefer,* for the appellees (intervenors Orlando Perez, Sr., et al.).

Borden, J. The plaintiff, Lisa Ann Perez, appeals from the trial court's judgment denying her motion to modify the custody decree of the Superior Court of Puerto Rico. The principal issue in this appeal is whether the trial court erred by failing to grant the plaintiff's oral motion that the court "request of the court of [Puerto Rico] a certified copy of the transcript of any court record and other documents mentioned in [General Statutes] section 46b-111." General Statutes § 46b-112. We find error.

The facts are not in dispute. The plaintiff and the defendant, Orlando Perez, Jr., were married on Janu-

ary 29, 1983. Their only child, Orlando Perez III, was born on June 25, 1983. Early in 1984, the parties separated and the plaintiff initiated dissolution proceedings in the Superior Court for the judicial district of Tolland. The child remained with the paternal grandparents in Portland. Shortly thereafter, the defendant fled with the child to Puerto Rico. The defendant initiated custody proceedings in Puerto Rico and the plaintiff proceeded with the dissolution action in Connecticut. On September 4, 1984, the trial court in Connecticut rendered judgment dissolving the marriage and, by agreement of the parties, deferred to the trial court in Puerto Rico for resolution of the custody issue. On November 1, 1984, the trial court in Puerto Rico awarded custody of the child to the paternal grandparents in Portland. The parties were awarded reasonable rights of visitation, subject, however, to the direct physical supervision of the paternal grandparents.[1] The defendant then returned with the child to Connecticut.

On March 25, 1985, the plaintiff filed in the Superior Court for the judicial district of Tolland a petition for enforcement of the Puerto Rican custody decree, in which she requested recognition and enforcement of her visitation rights under that decree. She also filed a petition for modification of the custody decree and a motion for reference to the family relations division for a custody study. Attached to the modification motion were an affidavit and exemplified copies of the custody application and decree in the Spanish language, together with an English translation. The trial court issued an order to show cause directed to the defendant and summoned "the defendants, Orlando Perez, Sr. and Loraine Perez [the paternal grandparents], and Orlando Perez, Jr." to appear at a hearing. The defendant, Orlando Perez, Jr., filed, inter alia, a motion to

[1] The plaintiff appealed unsuccessfully to the Supreme Court of Puerto Rico.

dismiss the plaintiff's motions on the ground that the trial court lacked jurisdiction over the child and the paternal grandparents.[2]

On May 6, 1985, the trial court held a hearing and denied the defendant's motion to dismiss. Having accepted jurisdiction, the court proceeded to address the merits of the plaintiff's motions. The basis of the plaintiff's claim for modification of the foreign custody decree was that it was not based on the best interests of the child. See *Hall* v. *Hall,* 186 Conn. 118, 122, 439 A.2d 447 (1982). During the hearing, the plaintiff made an oral motion that the court request the transcripts and other relevant documentation from the trial court in Puerto Rico pursuant to General Statutes § 46b-112 before rendering judgment on her motion to modify its custody decree. The trial court denied this motion and rendered judgment denying the plaintiff's motion to modify custody.[3] The plaintiff then filed a motion to set aside or open the judgment, which the court denied. This appeal followed.

General Statutes § 46b-112 provides: "If a custody decree has been rendered in another state concerning a child involved in a custody proceeding pending in a court of this state, the court of this state upon taking jurisdiction of the case *shall request of the court of the other state a certified copy of the transcript of any court record and other documents mentioned in section*

---

[2] Although the paternal grandparents did not file an appearance at trial, they were named in the summons, and the trial court rejected the defendant's claim that the court lacked jurisdiction over them. They have since filed an appearance in this court and have fully participated in this appeal. Therefore, we are not confronted with the issue of whether the plaintiff had "[n]otice of the identity of those who are contenders for the custody of [her] child . . . ." *Cappetta* v. *Cappetta,* 196 Conn. 10, 16, 490 A.2d 996 (1985). We assume that on the remand an appearance will be entered on their behalf in the trial court.

[3] The court did set specific times for the plaintiff's visitation with her child.

*46b-111.*"[4] (Emphasis added.) Similarly, General Statutes § 46b-104 (b) provides that "[i]f a court of this state is [otherwise] authorized . . . to modify a custody decree of another state it *shall give due consideration to the transcript of the record and other documents of all previous proceedings submitted to it in accordance with section 46b-112.*" (Emphasis added.) In the present case, the trial court accepted jurisdiction of the plaintiff's motion to modify custody and the propriety of the court's power to modify the Puerto Rican custody decree is not in issue. Thus, the provisions of General Statutes §§ 46b-112 and 46b-104 clearly govern this matter.

The plaintiff claims that the provisions of these governing statutes are mandatory and that the trial court erred by failing to request the transcripts, record and other documents from the trial court in Puerto Rico. We agree. Ordinarily "the use of the word 'shall' connotes that the obligation is mandatory, as opposed to permissive." *Sullivan* v. *Liberty Mutual Fire Ins. Co.,* 174 Conn. 229, 233, 384 A.2d 384 (1978). "The test for determining whether such a statutory requirement is mandatory or directory is whether the prescribed mode of action is of the essence of the thing to be accomplished." *Vartuli* v. *Sotire,* 192 Conn. 353, 360, 472 A.2d 336 (1984). There is no ambiguity in the statutory direction to trial courts, when ruling on a motion to modify a foreign custody decree, to "request of the court of the other state[5] a certified copy of the tran-

---

[4] General Statutes § 46b-111 provides: "In any custody proceeding in this state the court shall preserve the pleadings, orders and decrees, any record that has been made of its hearings, social studies and other pertinent documents until the child reaches eighteen years of age. Upon appropriate request of the court of another state, the court shall forward to the other court certified copies of any or all of such documents."

[5] According to General Statutes § 46b-92 (10), Puerto Rico is included within the definition of the term "state" for purposes of these statutory provisions.

script of any court record and other documents mentioned in section 46b-111"; (footnote added) General Statutes § 46b-112; and to "give due consideration to [those items]." General Statutes § 46b-104 (b). This consideration goes directly to the custody determination which the trial court was called upon to make in this case.

The policy underlying these mandatory requirements accords with the notion that "[i]n the exercise of its awesome responsibility to find the most salutary custodial arrangement for the children of divorce;" *Yontef* v. *Yontef,* 185 Conn. 275, 283, 440 A.2d 899 (1981); the trial court must "make difficult and sensitive inquiries into the relationships between adults and children." *Cappetta* v. *Cappetta,* 196 Conn. 10, 16, 490 A.2d 996 (1985). In order for a court of this state to give due consideration to a requested modification of a foreign court's custody decree on the basis of the claim that the prior decree was not based on the child's best interests; see *Hall* v. *Hall,* supra; it must have before it all of the items required by General Statutes §§ 46b-104 (b) and 46b-112. The trial court erred by failing to follow these legislative directives.

There is error, the judgment is set aside and the case is remanded for further proceedings in accordance with law.

In this opinion the other judges concurred.