[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE CUSTODY
In the first matter (Case No. 90719) the plaintiff mother seeks an order of this court granting to her custody of her child, Chad. In the second matter (Case No. 92050) the father of Chad, plaintiff therein, seeks an order of habeas corpus that Chad be returned to him pursuant to an order of the Circuit Court of Alabama, which allegedly vested custody of Chad with the said father.
The father and mother were married in September, 1970. The couple had three children: John, Jr., born September 3, 1971; Todd, born September 11, 1975, and Chad, born March 1, 1984. The father and mother were divorced in Alabama on May 16, 1984. At that time the mother was awarded custody of all three children. Thereafter, by modification of such custody order, the custody of John and Todd was awarded to the father. On or about January 15, 1988, the Madison County Department of Human Resources took temporary custody of Chad, removed him from the mother and gave him on a temporary basis to the custody of the father. Five days later the mother took the child from a babysitter at the father's house and went with him to Indiana. Thereafter, she removed to Connecticut where the mother and Chad have since resided with relatives of the mother.
This court has assumed jurisdiction of the mother's CT Page 1886 application, as will appear of record.
Section 46b-56 of the General Statutes gives the Superior Court the authority to make orders with respect to care, custody and visitation of minor children. In making such order the court shall be guided by the best interests of the child. See section 46b-56 (b).
"In the search for an appropriate custodial placement, the primary focus of the court is the best interests of the child, the child's interest in sustained growth, development, well-being and in the continuity and stability of its environment." Cappetta v. Cappetta, 196 Conn. 10,16.
The Court took testimony on July 26, 1990. In addition to the parties, the Court heard testimony from Robert D. Meier, Ph.D., who was appointed by the Court to make an evaluation of the relationship between the child and the respective parents, in addition to the mother's therapist at an alcoholic abuse clinic named CARE.
The evidence thus produced creates what appears initially to be a dichotomy. The father, who has remarried, is successful, has a good job and resides in a fine home in a good neighborhood. His oldest son is enrolled in the University of Alabama.
The wife, on the other hand, suffers from alcohol abuse, has few employment skills and is dependent upon family and friends for support for herself and her son. Thus, at first blush, it would seem to be clearly in the best interests of the child to deny the mother's application and return the child to the jurisdiction of Alabama.
However, a further investigation reveals that there is a close and loving relationship between Chad and his mother. She is seeking help to address her problems of alcohol abuse. According to Dr. Meier, she is Chad's psychological parent. She has entered a new relationship and is seeking to get her life turned around.
The father, on the same level, appears as one who has treated Chad as an unwanted child, while favoring the older boys. Although he has sought counseling from a competent therapist, he appears to rely upon his advice in sensitive matters, such as not sending cards and gifts to Chad, without the exercise of his own judgment. The impression is created that he is pursuing the custody of Chad, not out of love of the child, but as a matter of his responsibility. It is of CT Page 1887 some significance that he stopped sending support money for Chad once the Alabama court had acted, upon advice of counsel. It is difficult for the Court to understand.
As was noted by counsel for the child at final argument, the decision is not an easy one. Mere economic advantage does not equate to "best interests."
From the evidence presented the Court finds that the father provides and has provided a stable home for the two older children. Furthermore, in order to assist those children in achieving a healthy adulthood, the father has sought counseling, not only for the children but for himself and his new wife, a practice which he intends to follow if Chad rejoins the family unit.
The child and the parents were evaluated by Dr. Meier both individually and as to their interactions. The Supreme Court has observed, "Psychological testimony from professionals is rightly accorded great weight." In Re Juvenile Appeal, (Anonymous), 177 Conn. 648, 667.
Dr. Meier found the father's personality assessment to present no major emotional or psychological problems, and that he is sensitive to the needs of those around him. Chad reacted well with him, although somewhat slowly at first. He felt it would not be difficult or upsetting for the child to develop a strong relationship with the father again.
The interaction between the mother and child shows a definite and strong relationship between the two. However, the personality assessment of the mother shows that she is still experiencing significant emotional conflict. She tends to engage in rationalizations and to blame others for the difficulties she experiences. She apparently uses alcohol as a means of avoiding confrontation of problems rather than suffering from addiction to it. Dr. Meier has serious concerns about her ability to overcome these psychological deficiencies so as to provide the stability that a child of Chad's age requires.
Having considered all of the evidence and having given the opinion of Dr. Meier the appropriate weight (see Seymour v. Seymour, 180 Conn. 705, 712, 713, cited by the counsel for the child), the Court is of the opinion that the mother's application must be denied. As the Court has noted supra in Cappetta v. Cappetta, the decision must be based upon "the child's interest in sustained growth, development, well-being and in the continuity and stability of its environment." It is the opinion of the Court that these CT Page 1888 factors, and in particular, stability can best be provided by the child by the father. The Court, as noted supra, is well aware of the close relationship between the child and the mother. However, the Court is of the opinion that the emotional and psychological problems of the mother, coupled with her denial of their existence and her use of alcohol and other chemicals to avoid confrontation of such problems present a risk to the safety and stability of the child's environment that the Court finds unacceptable in the light of the Court's obligation to apply the appropriate law in this matter.
The mother's application is denied. Consequently, the husband's petition in the second case is accordingly granted. The Court notes with approval the visitation ordered by the Alabama court in its decision on awarding the custody of Chad to the father.
The mother is therefore ordered to deliver Chad to the child's counsel no later than 2:00 p. m. on September 28, 1990, which counsel shall thereafter deliver the child to counsel for the father.
Burns, J.