[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
ORDER RE: MOTION TO INTERVENE (NO. 110)
The motion to intervene for the limited purpose of visitation, docket entry no. 110, filed by the paternal grandparents is granted for the following reasons:
1. The paternal grandparents have moved to intervene pursuant to General Statutes § 46b-57 and § 46b-59 to obtain an order permitting them visitation rights with their two minor grandchildren in this pending dissolution action.
2. Section 46b-57 provides for third party intervention concerning custody of minor children. It provides in relevant part that "the court . . . may allow any interested third party or parties to intervene upon motion."
3. Section 46b-59 provides for third party intervention in visitation of minor children that the court "may grant the right of visitation with respect to any minor child or children to any person upon an application of such person."
4. The grandparents are concerned about the loss of visitation rights should the plaintiff mother relocate with the children to California as she has planned.
5. The court finds that the motion is timely filed as the present dissolution action has not yet gone to judgment. See Manter v. Manter, 185 Conn. 502, 507, 441 A.2d 146 (1986).
6. The court also finds that the grandparents may properly intervene pursuant to §§ 46b-57 and 46b-59. Michaud v. Wawruck, 209 Conn. 407, 414, 551 A.2d 738 (1988); McGaffin v. Roberts, 193 Conn. 393, 404.
The court shall schedule a hearing on whether a visitation order in favor of the grandparents would be in the best interests of the two minor children. Cappetta v. Cappetta, 196 Conn. 10, 16-17.
PETRONI, J. CT Page 7562