[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION Re: MOTION TO INTERVENE BY GRANDMOTHER (#119)
The parties' marriage was dissolved by decree dated January 23, 1991. By motion filed on August 4, 1993, (#112) the defendant moved to modify visitation. On September 7, 1993 the matter was referred to Family Services for mediation which did not resolve the issues. It then proceeded f or evaluation on November 1, 1993.
On July 1, 1994 the grandmother filed the present motion. On September 2, 1994 the plaintiff filed a motion to modify visitation (#121).
The parents reached a stipulation which, inter alia, excluded CT Page 1412-E visitation by the present applicant and referred her motion to F.R.O. for a report. This stipulation was approved and so ordered on December 5, 1994.
Further motions were filed by both the plaintiff and the defendant. Counsel for the minor child was appointed, whose appearance was filed February 9, 1995.
By referring the grandmother's motion to intervene to F.R.O. but without acting upon it appears to have foreclosed her from timely intervention. The controversy was pending. Manter v.Manter, 185 Conn. 502, 506. The grandmother has not been able to participate in the orderly adjudication of the dispute, Cappetta v.Cappetta, 196 Conn. 10. Section 46b-56,(a) provides standing for the grandmother's motion. The court finds the motion was timely, § 46b-57.
The motion to intervene is found to be properly before the court for ruling.
The motion is ordered assigned to the motion calendar for any additional evidence before being ruled upon.
HARRIGAN, J.